## J. H. RANDALL ET AL. V. JOHN J. SNYDER.

(Case No. 5318.)

1. LIS PENDENS.— One who buys from a party during the pendency of a suit involving title to land, or who buys between the time a final judgment is rendered therein, and the time an appeal or writ of error is perfected, or pending either, is a purchaser *pendente lite*, and a judgment ultimately rendered will not only affect him with notice of the adverse claim, but will bind him as it will a party to the record, and through process under that judgment he may be evicted. Following Harle *v.* Langdon, 60 Tex., 555.
2. SAME — PURCHASER PENDENTE LITE.— If, however, the judgment be rendered in favor of the vendor of one who purchases *pendente lite*, then, while such purchaser will be charged with notice of the adverse party's right, yet he will not be bound by a judgment rendered in any subsequent suit on the same cause of action, unless he is made a party thereto, and this though the real origin of his right may be subsequent in point of time to the date of the judgment thus rendered.

APPEAL from Hood. Tried below before the Hon. T. L. Nugent. The opinion contains all the important facts to which the principles of law announced apply.

*Cooper & Estes*, for appellants, cited: Harle *v.* Langdon, 60 Tex., 562–5; Connolly *v.* Hammond, 58 Tex., 20, 474; Ferrier *v.* Buzick, 6 Ia., 258.

*McCall & McCall*, for appellee, cited: Price *v.* White, 1 Bailey's Eq., 234; Blake *v.* Heywood, id., 208; Turner *v.* Campbell, 1 Ohio, 372; Debill *v.* Foxworth, 9 B. Mon., 228; Lee County *v.* Rogers, 7 Wall., 181; 2 Randolph, 102; 5 Leigh, 627, 681; Le Neve *v.* Le Neve, Smith's Leading Cases in Equity, vol. 2. pp. 1, 211; 14 Am. Dec., 766; Walton *v.* Willson, 2 Dana, 408; Herrinton *v.* Herrington, 27 Mo., 560; Herrington *v.* McCallom, 73 Ill., 482; Ludlow *v.* Kidd, 3 Ohio, 541; Fox *v.* Ruder, 28 Ohio St., 181.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by appellee to remove cloud from title to two hundred acres of land, a part of a tract of land originally granted to Milton A. Hardin.

It appears that the land was community property between Hardin and his wife, and the appellee proposed to prove that prior to the 8th day of April, 1876, they had been divorced, and that on that day there was a suit pending between Hardin and his former wife in reference to her claim to an interest in the land, and that Renick was her attorney in that cause.

The title of appellee is based on the following facts: As early as

1870 or 1871 one Lazenby was asserting some kind of a claim to the land in controversy, the true character of which is not shown, and to him the appellee loaned $300, which was paid to Renick, as is to be inferred, as fee, or part of fee, due to him as the attorney of Mrs. Hardin, and that Lazenby having died, his widow abandoned her claim to the land and surrendered her possession; that on April 8, 1876, it was agreed between Hardin and wife and the appellee that he should pay to Renick $200 more and have the land in controversy, which was done, whereupon the appellee intervened in the suit pending between Hardin and wife, and therein, on that day, a judgment was rendered vesting title in the appellee to the two hundred acres of land in controversy, and vesting title in Milton A. Hardin in severalty to a designated part of the grant, and thus the suit between Hardin and his former wife seems to have terminated by consent of all parties thereto.

The appellee proposed to prove that at the time he loaned the money to Lazenby he and Renick executed a written instrument by which they agreed, if Lazenby did not repay to appellee the money loaned, the appellee should have so much of the land as would satisfy said debt and interest. The instrument through which this agreement was claimed to have been made was not offered, and the court, upon grounds not necessary now to state, excluded the parol evidence offered of its execution and contents.

The appellants claim that the land, of which that in controversy is a part, was located by Stubblefield and Mitchell under an agreement with Hardin that they should have a part of the land for their services; and that as early as March 27, 1856, Mitchell, in consideration of the conveyance to him, by John H. Randall and his wife Susan, of three hundred acres of land in Hill county, made a written agreement that he would execute to Susan Randall a deed to three hundred and twenty acres of land out of any corner of the Hardin grant which Mrs. Randall might select, so soon as the locative interest to which Stubblefield and Mitchell might be entitled should be severed from the rest of the grant.

They further claim that after that agreement was made J. H. Randall and his wife, with the consent of Stubblefield, Mitchell and Hardin, selected the land in controversy, and had the same surveyed, after which, with the consent of all the parties before named, they made valuable improvements on the land, with an assurance from all those parties that they should have the three hundred and twenty acres of land so selected and improved.

They further claim that the land was improved upon the faith of

the promises and assurances made by Stubblefield, Mitchell and
Hardin that title should be made to the wife for the land selected;
but that afterwards (the date not mentioned), Stubblefield, Mitchell
and Hardin so set apart the locative interest to which the former
were entitled as to exclude the land in controversy from it, and that
this was done with intent to defraud John H. Randall and his wife;
the deed to the locative interest so set apart being made to Stubble-
field by Hardin.   Mrs. Susan Randall having died, John H. Randall
and the heirs of Mrs. Randall, all of whom are appellants in this
case, on the 10th of January, 1872, instituted a suit against Mil-
ton A. Hardin, Stubblefield and Lazenby for the three hundred
acres of which the land in controversy is a part, which terminated
in a judgment in favor of the defendants, rendered on the 31st of
May, 1878.

After that judgment was rendered the appellants brought a second
suit for the land by petition, filed May 30, 1879.

To this last action Milton A. Hardin and all persons in possession
of the land were made parties, but neither the appellee nor any
representative of Lazenby were made parties, and in that action a
judgment was rendered in favor of the appellants on July 23, 1880,
for the land.

In disposing of this case we do not deem it necessary to consider
each assignment of error separately, but will briefly give the rules
by which the rights of the parties should be determined.

This is a case in which the plaintiff is seeking equitable relief, and,
to entitle him to it, it is incumbent upon him to show that he has
the equitable title to the land superior to that held by the defendants.

He bases his right upon a judgment rendered in his favor, by con-
sent, in a suit in which Milton A. Hardin, his wife and himself, as
an intervenor, were the only parties.

That judgment was rendered on April 8, 1876, and as against
Hardin and his wife, and persons claiming through them, by reason
of any fact subsequently occurring, passed to the appellee good title
to the land; but it can have no effect as against one claiming
through facts existing prior to the time that judgment was rendered,
if of such facts, or right growing out of them, the appellee had no-
tice at the time he obtained that judgment.

That judgment having been rendered while the first suit insti-
tuted by the appellants against Hardin, Lazenby and Stubblefield
was pending, it must be held that the appellee stands charged with
notice of whatever right the appellants were then asserting, although
the suit then pending was subsequently decided against them.

The judgment rendered in the second suit brought by appellants against Hardin and others, on the same cause of action as the first, as against Hardin and all others who were parties to that suit, is also conclusive of the right of the appellants to the land in controversy; but it can have no such effect as against the appellee, who was not a party to that action.

If the appellants desired to bind the appellee by the judgment to be rendered in that cause, they should have made him a party to it, as did they Lazenby in the first.

That judgment cannot bind the appellee as a purchaser *pendente lite*, even if the origin of his right does not antedate the date at which the judgment was rendered in his favor, so that under it he might be evicted by writ of possession as might be persons who were parties to that judgment; for while in the second suit the appellants recovered on the same right as that asserted in the first suit, yet they did not recover in the same suit which was pending at the time the judgment in favor of the appellee was rendered.

One who buys from a party to an action during its pendency, or between the time a final judgment is therein rendered, and the time an appeal or writ of error is perfected, or pending either, is a purchaser *pendente lite*, and a judgment ultimately rendered will not only affect him with notice of the adverse claim, but will bind him as will it a party to the record; and through process issued under it he may be evicted.   Harle v. Langdon, 60 Tex., 555.

Not so, however, as to a vendee who buys pending a suit, from a party to it, if it be finally decided in the pending cause in favor of his vendor; but in such a case, while such a vendee will stand charged with notice of whatever right the adverse party has, yet, to bind him by the judgment to be rendered in a second suit on the same cause of action, when one can be brought, it is necessary that he be made a party to the action subsequently brought.

As against the appellants, the judgment rendered in favor of the appellee on April 8, 1876, has no conclusive effect, for the reason that they were not parties to it; and it is equally clear that the appellee is not bound by the judgment rendered in favor of the appellants, July 23, 1880, in an action to which the appellee was not a party.

The rights of the several parties must depend upon the superior right or title resting in the one or the other, or in those through whom they claim, anterior to the rendition of either of the judgments referred to.

To determine that, seeking as was the appellee equitable relief, it

was incumbent upon him to show the inception and nature of the right claimed or held by him, through Lazenby or otherwise, prior to the execution of the judgment in his favor against Hardin and his wife; for upon the right so held his claim must stand or fall, as it may be found inferior or superior to the right asserted by the appellants.

The burden of proof, in this respect, was upon him; yet the record before us does not show, with any degree of certainty, that either Lazenby or the appellee, prior to the rendition of the judgment of April 8, 1876, had any claim whatever to the land, which could have been enforced even against Hardin or his wife; while the pleadings of the appellants state a case which would entitle them in a court of equity to the relief which was extended to them against Hardin by the judgment rendered July 23, 1880; and so against any person having notice of their right, who does not show right, legal or equitable, antedating the facts on which the appellants found their right.

The respective parties should present the evidence of facts, existing prior to the rendition of the judgments referred to, bearing upon the question of their respective rights, that the superior right may be determined.

On the case made by the evidence offered, the appellee was not entitled to the judgment entered, and it will be reversed and the cause remanded.

It is accordingly so ordered.

REVERSED AND REMANDED.

[Opinion delivered June 12, 1885.]