No. 6296.

W. F. SHARP ET AL. *v*. NATHAN ELLIOTT ET AL.

1. PARTITION—DECREE—COLLATERAL ATTACK.—One who purchases land allotted to one of several joint owners at the term of court when a decree of partition is entered determining the interest of each owner, and after the entry of such decree, must be held to have purchased with notice that the court could exercise its authority to alter its judgment at any time during the term, on proper notice. If such vendor had no notice of a motion to revise and change the decree, still his vendee would be concluded by his subsequent appearance to contest the motion to change the decree, and a judgment changing the decree would be conclusive of the rights of the purchaser to the extent of such change, and could not be disturbed in a collateral proceeding.

AIPEAL from Bell. Tried below before the Hon. W. A. Blackburn.

No brief on file for appellants.

*Montieth & Furman,* for appellees: The court may within its discretion entertain a motion for a new trial filed after the expiration of two days after the rendition of the judgment. (Sweney v. Javis, 6 Texas, 39; McKean v. Ziller, 9 Texas, 59; Aldridge v. Murdoff, 32 Texas, 205; Maloy v. State, 33 Texas, 599; Gill v. Rogers, 37 Texas, 628; Linn v. LeCompte, 47 Texas, 440; George v. Taylor, 55 Texas, 97; Davis v. Lumwalt, 1 App. Civil Cases, 597; Bryorly v. Clark, 48 Texas, 345; Doss v. Tyack, 14 How., 312.)

A suit is pending, in any event, until the adjournment of the term at which it is tried, and those who purchase during the pendency of a suit involving title to land from one of the parties to said suit are purchasers pendente lite; and the judgment rendered will bind such purchasers as it will a party to the record, and through process under such judgment they may be evicted. (Harle v. Langdon Heirs, 60 Texas, 555; Garza v. Baker, 58 Texas, 483; Randall v. Snyder, 64 Texas, 350; Brackenridge v. City of San Antonio, 39 Texas, 64; Hutchins v. Chapman, 37 Texas, 612; Burford v. Rosenfield, 37 Texas, 42; Briscoe v. Bronaugh, 1 Texas, 326.)

*Morgan & Freeman,* also for appellees:  One who voluntarily purchases from one of the parties to a judgment the title claimed by him under that judgment can not claim protection as an innocent purchaser if subsequent to his purchase his title is defeated by reason of a reversal of the judgment upon appeal or writ of error, or *a fortiori,* by reason of the judgment being set aside by the court which rendered it, during the same term at which it was rendered.  (Harle v. Langdon's Heirs, 60 Texas, 555; Randall v. Snyder, 64 Texas, 353.)

A motion for a new trial, made during the term, need not be sworn to, and it is within the discretion of the court to entertain a motion filed after the expiration of the two days after the judgment.  Until the expiration of the term, the court has power to amend, reverse or annul its judgments, and it may exercise this power even without any motion.  (Rev. Stats., art. 1369; Bryorly v. Clark, 48 Texas, 345; George v. Taylor, 55 Texas, 97; Blum v. Wettermark, 58 Texas, 125; Garza v. Baker, 58 Texas, 483; Hooker v. Williamson, 60 Texas, 527; Grubs v. Blum, 62 Texas, 426.)

STAYTON, CHIEF JUSTICE.  M. F. DeGraffenreid owned, at the time of his death, four thousand four hundred and eighty acres of land, situated in Bell and Williamson counties.  He left ten children, of whom were B. M. DeGraffenreid, R. C. DeGraffenreid and Mrs. Flora Wilson.

On September 4, 1882, B. M. DeGraffenreid instituted a suit in the district court for Bell county, to partition the tract of four thousand four hundred and eighty acres of land, of which that in controversy in this action is a part.  R. C. DeGraffenreid was a resident of this State and appeared in the cause, but the other children were non-residents, who were cited by publication, and an attorney was appointed to represent them.

It was claimed that, by reason of advancements made by M. F. DeGraffenreid to his children, they were not all entitled to equal interests in the land to be partitioned.  The court caused an inquiry to be made as to this, and determined that B. M. and R. C. DeGraffenreid and Flora Wilson were entitled to have the entire tract partitioned between themselves alone, and the share each was to receive was fixed by the court.  After this, commissioners to make partition were appointed, and they performed that duty in accordance with the order of the court and made their report, whereby they set apart to Flora

Wilson one thousand three hundred and seventy-seven acres, to B. M. DeGraffenreid one thousand one hundred and three acres, and to R. C. DeGraffenreid two thousand acres.

On October 2, 1883, this report of the commissioners was approved and confirmed, and an order made vesting in each of the three persons title to the particular tract of land as designated for such person by the commissioners.

On October 5, 1883, the appellants purchased from R. C. DeGraffenreid the two thousand acres of land set apart to him through the proceedings before mentioned, and paid therefor eight thousand dollars in cash and gave their note for one thousand dollars more.

On October 22, 1883, without notice to R. C. DeGraffenreid or his vendees, a motion was filed by Flora Wilson and others to set aside the decree of partition entered on the second day of that month, which, on hearing, was granted, and the former decree and the proceedings which led to it were vacated. The court then made inquiry as to the rights of the children of M. F. DeGraffenreid to parts of the land, and found that the land should be divided between six of the children instead of three. The interests of these were determined, commissioners again appointed to make partition, which they did, and reported it to the court on November 6, 1883.

On that day the appellants, purchasers from R. C. DeGraffenried, in his name and with his consent, caused to be filed objections to all the proceedings had in the case, subsequently to the decree of October 2, 1883, which were overruled, and the court, on November 7, confirmed the report of the commissioners, and by decree vested title in each of the distributees to the several parts allotted to them.

By this last proceeding title to twelve hundred and ninety-eight acres of the same land set apart to him by the decree of October 2, 1883, was vested in R. C. DeGraffenreid, but the residue of the two thousand acres was vested in Flora Wilson, and this is the land in controversy.

Notice of appeal was given by or for R. C. DeGraffenreid when the decree of November 7, 1883, was entered, but it was never perfected, and it appears that he refused to perfect it or to prosecute a writ of error, or to permit his vendees to do so in his name. The term of the court at which the partition proceedings were had began on September 24 and ended on

November 9, 1883. The appellees claim through conveyance made by Flora Wilson and her husband.

From this statement it will be seen that the only question is, whether the proceedings had in the partition suit subsequently to October 2, 1883, are binding on the appellants who purchased from R. C. DeGraffenreid before any steps were taken to set the decree of that date aside. We are of the opinion that this must be answered in the affirmative.

The appellants must be held to have known that the court had full power to set that decree aside at any time during the term, and to have bought with a knowledge of that fact. Whether this power could have been legally exercised after the expiration of two days after the decree without notice to R. C. DeGraffenried, would seem to be questionable.

Be that as it may, his subsequent appearance in the case gave to him every opportunity to enforce his right that he would have had had he been notified of the motion to vacate the decree, which was, in effect, but a motion for new trial made by those who, prior to the time it was filed, had not been personally before the court, as well as by B. M. DeGraffenreid.

If the judgment rendered on November the seventh was erroneous, it might have been corrected through such direct proceeding as the law provided, but can not be attacked in this proceeding.

The following cases we deem conclusive of the question: (Bryorly v. Clark, 48 Texas, 345; Garza v. Baker, 58 Texas, 483; Blum v. Wettermark, 58 Texas, 125; Harle v. Langdon, 60 Texas, 556; Randall v. Snyder, 64 Texas, 350.)

There is no error in the judgment and it will be affirmed.

*Affirmed.*