BRYSON & HARTGROVE ET AL. V. MARY F. BOYCE ET AL.

Decided January 24, 1906.

**1.—Lost Writing—Evidence—Predicate—Duplicate Original.**

Parol evidence is not admissible to prove contents of a lost contract where there was a duplicate original thereof delivered to the codefendant of the party offering such evidence, and no effort shown to produce or account for it.

**2.—Judgment—Purchaser Pendente Lite—Unrecorded Deed.**

One claiming land under deed not recorded at the time suit therefor was commenced against his grantor by a plaintiff without notice of the deed, is in the attitude of a purchaser pendente lite.

**3.—Lis Pendens—Judgment—Writ of Error—Dismissal—Cross Action.**

In an action to set aside defendant's tax title to land, plaintiffs not appearing, their suit was dismissed and defendant had judgment on a crossbill for recovery of the land, filed on the same day and without notice, and sold to another prior to the suing out writ of error which resulted in reversal. Held, that there was a pending litigation during the time allowed by the law for prosecuting error, by the result of which the purchaser was bound; if the failure of plaintiff to appear interrupted the prosecution of his suit still the cross-action of defendant presented a pending litigation so long as it was open to writ of error.

**4.—Judgment—Dismissal—Crossbill—Service.**

Where, a plaintiff failing to appear for trial, defendant filed a cross-action on which, without service on plaintiff, he took judgment for the recovery of land with dismissal of plaintiff's action therefor, the recovery on such crossbill was void and subject to collateral attack for want of service and jurisdiction.

**5.—Limitation—Tenant—Repudiating Title.**

A tenant who had acquired tax title to the land could not avail himself of limitation thereunder, except from the date that he distinctly repudiated his tenancy and gave notice thereof to the landlord.

**6.—Writing—Notice to Produce.**

A notice to produce letters written by R. to B. and M. did not cover letters written by R. to M.

**7.—Harmless Error—Findings.**

Exclusion of evidence is harmless error when its effect was only to establish a fact found in appellant's favor, by the court, upon other testimony.

**8.—Appearance—Service—Recitals in Record.**

A recital that plaintiffs failed to appear and their suit was thereupon dismissed showed that the judgment against them on a crossbill filed by defendant on the same day was obtained without service.

**9.—Purchaser Pendente Lite—Notice—Pleadings.**

One purchasing property pending an action by his vendor for its recovery is bound by the result of the litigation in a recovery by such defendant, though had upon an interest in the land different from that asserted by the latter's pleading at the time of such purchase, and on recovery against him is also liable for the rents.

Appeal from the District Court of Concho County. Tried below before Hon. John W. Goodwin.

*T. C. Wilkinson*, for appellants.—The original contract of sale between the Concho Cattle Company of Texas, vendor, and J. H. Bryson and A. A. Hartgrove, vendees, and which was retained by said company, being shown, if it existed at all, to be beyond the jurisdiction of the court, secondary evidence of its contents was admissible, even if no effort was shown to have been made to procure said original. McBride v. Willis & Bro., 82 Texas, 141-143; Smith v. Traders' Nat. Bank, 82 Texas, 368-378; Burton v. Driggs, 20 Wall. (U. S.), 125; 25 Am. and Eng. Ency. of Law (2d ed.), 171, sec. 4 and note 5; Manning v. Maroney, 87 Ala., 563 (13 Am. St. Rep., 67-73); Knickerbacker v. Wilcox, 83 Mich., 200 (21 Am. St. Rep., 595-601).

To constitute a lis pendens the suit must be prosecuted with all reasonable diligence, and without unnecessary delay. There must be a close and continuous prosecution, else purchasers for a valuable consideration, and without actual notice of the suit, will not be affected by its pendency. 2 Pom. Eq. Juris. (2d ed.), sec. 634; 21 Am. and Eng. Ency. of Law (2d ed.), 622, sec. 3, and notes; Hammond v. Paxton, 58 Mich., 398; Kelley v. Culvers' Admr., 75 S. W. Rep., 273-275; Stout v. Philippi Mfg. Co., 56 Am. St. Rep., note, page 873.

And a decree of court dismissing an action, as in this case, because "the plaintiffs failed to appear, or to further prosecute their cause" is a judicial determination of the fact that it was not prosecuted with all reasonable diligence and without unnecessary delay; and is in effect a declaration that it had ceased to be operative as a lis pendens. Wortham v. Boyd, 66 Texas, 401-405; Bennett on Lis Pendens, secs. 77 and 157, and note; 21 Am. and Eng. Ency. of Law (2d ed.), page 621 and note 1; Pipe v. Jordan, 55 Am. St. Rep., 138, 141.

Plaintiff Mary F. Boyce, having appealed only from the action of the court on the cross bill, and not the order dismissing her suit (Masterson not appealing at all), the lis pendens, if any, created by the filing of this suit ended with said dismissal, even if it had not ended before.

Even if it can be properly held that the appeal by Mary F. Boyce was a continuation, or a revival, of the suit instituted by her and H. Masterson which was dismissed, or that it availed, in any way, to keep alive the lis pendens, if any, created by said suit, or by the cross bill filed

therein; the amendment filed by her after the reversal of said cause, setting up, as it did, a new independent cause of action, or asserting the same cause of action by virtue of a new and after acquired right, and seeking the same and different remedies and relief for reasons not before relied upon, operated, in effect, as a discontinuance of said suit, and a destruction of the lis pendens, if any, created thereby. Wortham v. Boyd, 66 Texas, 401-405; New England Loan & Trust Co. v. Miller, 40 S. W. Rep., 646-647; Letcher v. Reese, 24 Texas Civ. App., 40.

Even if H. Masterson was not served with notice of the filing of the cross bill upon which judgment was taken by default against him for the land in controversy, and entered no appearance in the cause after the filing of same, he was not entitled to a decree setting said judgment aside; because the allegations of plaintiffs' petition, at least so far as his rights are concerned, are without merit, in that they show, among other things, that he has no longer any interest whatever in this cause of action, or in the property involved herein. Sharp v. Schmidt, 62 Texas, 263-267; Chambers v. Gallup, 70 S. W. Rep., 1009-1010; 15 Enc. Pl. & Pr., page 468.

Even if the judgment against H. Masterson in said cause No. 378˙ was void as to him for want of service, and his failure to appear therein, such jurisdictional defect not appearing upon the face of the judgment, it being merely silent as to this matter; and the evidence showing that J. H. Bryson and A. A. Hartgrove were purchasers for a valuable consideration, and without notice of any such defect, such judgment should not be held void as to them, but they should be protected as innocent purchasers. They were not required to look behind the judgment. Crawford v. McDonald, 88 Texas, 626-634; Carpenter v. Anderson, 77 S. W. Rep., 291-294.

The Concho Cattle Company of Texas having permitted this land to sell for taxes, and having purchased it at tax sale and taken deed in its own name under which it openly claimed title—all with the knowledge of the plaintiff—Mary F. Boyce and her co-plaintiff and representative, H. Masterson, it is submitted that such facts amount to a repudiation of tenancy or trust by said cattle company, if any such existed, and were sufficient to set in operation the statute of limitation in favor of said company, at least upon the expiration of the two years allowed for redemption. Camley v. Stanfield, 10 Texas, 546; Udell v. Hurst, 14 S. W. Rep., 610-611.

The suit brought by plaintiffs to set aside the tax sale having been dismissed for want of prosecution, the running of the statutes of limitation was never interrupted by the filing of said suit, or of said cross action. Especially is this so as to H. Masterson, who was never served with notice of said cross action, and who never appeared to contest same or appeal from the judgment thereon; but who from the time of the dismissal of the cause ceased to be a party thereto. Shields v. Boone, 22 Texas, 193-199; Chambers v. Shaw, 23 Texas, 165-169; Hughes v. Lane, 25 Texas, 357-368; Highsmith v. Ussery, 25 Texas Sup., 97-109; Flanagan v. Pearson, 61 Texas, 302-308; Bigham v. Talbot, 63 Texas, 271-274; Harrison v. McMurray, 71 Texas, 122-123.

And the legal title to this land, at the time of the expiration of the

period of redemption, being vested in H. Masterson, as trustee, and so continuing in him long after purchase by Bryson and Hartgrove, judgment, by reason of such limitation, should have been rendered in their favor, irrespective of any question of lis pendens urged by Mary F. Boyce, she having repossessed herself of said legal title held by Masterson only after nearly three years of said limitation had run. Collins v. McCarty, 68 Texas, 150-154; Hanks v. Crosby, 64 Texas, 483-84; Weiss v. Goodhue, 83 S. W. Rep., 178-181.

*C. O. Harris* and *M. S. Smith,* for appellees.—The holder of an unrecorded deed at the time a suit is commenced and lis pendens comes in force must be placed in the category of a pendente lite purchase. Bennett on Lis Pendens, 347; 13 Am. and Eng. Ency. of Law, p. 907; Freeman on Judgment (3d ed.), sec. 201; McCutchen v. Miller, 31 Miss., 85; Smith v. Hodson, 78 Me., 180.

The judgment rendered in favor of the Concho Cattle Company, on its cross bill, against appellees in cause No. 378, without service of process as required by law is void; and the record showing a want of service no presumption of service can be indulged, and such judgment could be attacked collaterally at any time. 1 Black on Judgments, sec. 220; Roller v. Ried, 87 Texas, 76.

One who buys from a party during the pendency of a suit involving title to land or who buys between the time a final judgment is rendered therein, and the time an appeal or writ of error is perfected, or pending either, is a purchaser pendente lite, and a judgment ultimately rendered will not only affect him with notice of the adverse claim, but will bind him as it will a party to the record. Harle v. Langdon, 60 Texas, 564; Randall v. Snyder, 64 Texas, 350.

A plea in reconvention or cross bill occupies the same attitude as an independent suit, so that the discontinuance of the main suit will not affect the reconvention or cross bill. Harris v. Schlinke, 95 Texas, 90.

Though the conveyance is made before service of process, the suit proceeds in the name of the plaintiff for the benefit of his vendee, and if he succeeds in the litigation the judgment inures to the benefit of his grantee; but if such judgment be adverse, such grantee is bound thereby. Smith v. Olsen, 92 Texas, 183.

Appellee Mary F. Boyce had the right, as warrantor, to bring and prosecute cause No. 378, in defense of the "legal title" she had conveyed, and, in doing so, she asserted her "own right." That her object in doing so was, apparently, to make good said title and protect her warranty, does not affect the question, as it was her right and duty to make such defense and "enforce it by all the means open to other litigants," and the fact she reacquired the "legal title" during the pendency of the very suit she brought to protect and defend that title, and asserted same by amendment, the subject matter, the parties plaintiff and defendant, the object and purpose of the suit, and the relief sought remaining practically the same as in the original petition, such amendment did not destroy the effect of lis pendens that had theretofore come in force. Huggins v. White, 7 Texas Civ. App., 567; Hanrick v. Gurley, 93 Texas, 481.

The fact that the Court of Civil Appeals, in reversing and remanding said cause No. 378 in favor of Mrs. Boyce, incidentally stated that the

judgment is affirmed as to Masterson, who has not appealed, did not have the effect to render valid said void judgment. Schwartezlose v. Wagner, 10 Texas Ct. Rep., 543; Field v. O'Conner, 9 Texas Ct. Rep., 687; Rush v. Davenport, 34 S. W. Rep., 380.

Before a tenant can begin to acquire a prescriptive right he must repudiate the tenancy and give his landlord notice thereof. Udell v. Peak, 70 Texas, 551; Flanagan v. Pearson, 61 Texas, 302; Carter v. LaGrange, 60 Texas, 638.

EIDSON, ASSOCIATE JUSTICE.—The following statement of the nature and result of the suit contained in appellees' brief, being substantially complete and accurate, is adopted:

"The land in controversy was patented to R. P. Boyce, husband of appellee Mary F. Boyce, December 29, 1875; who leased the same to appellant, the Concho Cattle Company of Texas, in 1887 for a period of five years. R. P. Boyce died in 1890, and in 1895 appellee Mary F. Boyce, by written instrument, leased the land to appellant the Concho Cattle Company for a period of five years, in consideration, among other things, that said appellant pay all taxes thereon for the entire period of said lease; that on the date of said lease, said appellee and her two children, Robert P. Boyce and Mrs. Roberta C. Lankford, were the sole owners of said land, and said appellee became the sole owner of same in 1898, by acquiring the interest therein of her said children. In 1897, during the existence of said lease, the land was sold for taxes under judgment rendered in the District Court of Concho County, at the March term, 1897, at the suit of the State against unknown owners and appellant, the Concho Cattle Company of Texas, became the purchaser.

"On October 29, 1900, appellees Mary F. Boyce and H. Masterson (the latter holding the legal title to the land by warranty deed from his co-appellee) filed their suit in said court against appellant the Concho Cattle Company to vacate, annul and cancel said tax judgment, sale and deed, to remove cloud and for the possession of the land. At the April term, 1901, of said District Court, said cause was called for trial, on the 11th day of April, and said appellant on said date appeared and filed therein its original answer and cross bill, and appellees failing to appear were non-suited and judgment rendered against them in favor of said appellant on its cross bill on the date same was filed, the judgment reciting the non-appearance of appellees. At the suit of appellee Mary F. Boyce against her co-appellee H. Masterson, judgment was rendered in favor of the former in said District Court on the 31st day of March, 1902, divesting all title to the land in controversy out of said Masterson, and vesting same in said Mary F. Boyce; and on same date appellee Mary F. Boyce filed her petition for writ of error in said cause No. 378, in which she had been non-suited, and in which appellant the Concho Cattle Company recovered judgment against her on its said cross bill. That said judgment was reversed and cause remanded as to appellee Mary F. Boyce by the Court of Civil Appeals for the Third Supreme Judicial District of Texas on the 24th day of March, 1903. On the 31st day of March, 1903, appellee Mary F. Boyce filed in said cause No. 378 her first amended original petition, the only difference in the amended and original petitions being that in the latter she appears

as warrantor for her co-plaintiff Masterson, and in the former she appears alone, alleging that she holds the legal title to the land; but in all other respects the form of action, the purpose of the suit, the subject matter of the suit, the parties plaintiff and defendant, remained the same. On the 31st day of March, 1903, appellant the Concho Cattle Company filed in said cause No. 378, its first amended original answer, alleging as in the original, title in itself, and specially pleading its title under said tax judgment.

"And on said last date, judgment was rendered in said cause No. 378 in favor of appellee Mary F. Boyce against appellant the Concho Cattle Company, vacating and annulling said tax judgment and sale thereunder and cancelling the sheriff's deed and for recovery of the land, etc. That after the Concho Cattle Company had recovered judgment on its cross bill in cause No. 378, as above stated, and before appellee Mary F. Boyce filed her petition in said cause for writ of error, as above stated, said company made a deed of conveyance of the land in controversy to appellants Bryson & Hartgrove, which deed bears date June 14, 1901.

"Appellees Mary F. Boyce and H. Masterson filed this suit in the District Court of Concho County against appellants Bryson & Hartgrove and the Concho Cattle Company of Texas, on the 26th day of September, 1904, for the recovery of said land, specially pleading all the matters hereinbefore set out. Appellants Bryson & Hartgrove filed in said cause their first amended original answer on the 8th day of April, 1905, and appellant the Concho Cattle Company filed its answer on same date, adopting the answer of its co-appellants, and on same date appellees filed their first supplemental petition; and on same date appellants Bryson & Hartgrove filed their first supplemental answer; and on same date said cause was tried by the court without a jury, resulting in a judgment in favor of appellees against appellants. From this judgment appellants have appealed, and only appellants Bryson & Hartgrove have filed brief in said cause."

*Opinion.*—Appellants' first assignment of error complains of the exclusion by the court below of the testimony of certain witnesses offered by them to prove the existence and contents of an alleged lost unrecorded executory contract of sale made by the Concho Cattle Company to them of the land in controversy in June, 1900. The testimony was excluded upon objection by appellees on the grounds that same was immaterial, and that proper diligence to procure the original contract had not been shown as a basis for the admission of secondary evidence. The court below appended to the bill of exceptions taken to its action in excluding this testimony, a statement to the effect that the evidence showed the contract to have been executed in duplicate, and that the Concho Cattle Company, one of the defendants in this case, or its president, received one copy, and no effort was made to account for the non-production of that duplicate original; that said company is a party to this suit and Bryson & Hartgrove claim the land under it. The action of the court in excluding said testimony was correct, because there was no proper predicate shown for the admission of said testimony. The court, in further explanation of its said action, also appended to said bill of ex-

ceptions a statement to the effect that the evidence shows that the conveyance of the land in question to Bryson & Hartgrove was after the judgment in the suit to set aside the tax sale, but before the time for suing out a writ of error had expired; that the evidence also showed that for several months before defendants received the deed to the land in question, the suit to set aside the tax sale had been filed and was pending; that the evidence further showed that the only title the Concho Cattle Company had to the land in question was the tax judgment and deed, to set aside which, the suit had been filed before defendants had obtained their deed; that if the Concho Cattle Company had any other title, it is based upon their judgment against Masterson in the suit brought against the Concho Cattle Company by Masterson and Mrs. Boyce. It also appears from the record that the cross bill of the Concho Cattle Company had been filed in said suit brought by appellees to set aside the tax judgment and sale under which said cattle company claimed the land in controversy and judgment obtained by it on said cross bill for said land, prior to the execution by it of the conveyance under which appellants claimed the land, and that said suit instituted by said cross bill was pending at the date of the execution and delivery of said conveyance. It does not expressly appear from the record whether or not the executory contract set up by appellants and sought to be proven was recorded; but it inferentially appears that it was not, and there is no testimony tending to show that appellees had actual notice of said contract. Indeed, the testimony negatives the fact of such notice until the trial of this cause. The authorities hold that one claiming under an unrecorded deed at the time suit is commenced involving title to the land conveyed by the deed, of which unrecorded deed the litigant has no notice, is placed in the category of a *pendente lite* purchaser. (Bennett on *Lis Pendens,* 342; 13 Am. and Eng. Ency. Law, 907; Freeman on Judgments (3d ed.), sec. 201; Hoyt v. Jones, 31 Wis., 389 to 403.) It not appearing that the instrument sought to be proven by the testimony of the witnesses was recorded, or that appellees had actual notice of the same at the commencement of the suit, the exclusion of proof of its execution and contents was not error.

Appellants by their second and third assignments of error complain of the conclusions of law of the court below in holding that the suit of Mrs. Boyce and Masterson was pending on June 14, 1901, when Bryson & Hartgrove purchased the land in controversy, and that they were *lis pendens* purchasers from the Concho Cattle Company and stand in the shoes of the Concho Cattle Company, and that the judgment in favor of said Concho Cattle Company and against H. Masterson on the cross bill of said company, being without service or notice or appearance of said Masterson, was, as to said company, void, and also void as to said Bryson & Hartgrove, who were *lis pendens* purchasers; and that for the same reason (*lis pendens*) the judgment in favor of Mary F. Boyce and against the Concho Cattle Company, setting aside said tax judgment and recovering said land, was valid and binding on Bryson & Hartgrove.

Appellants under these assignments claim that appellees' suit to set aside the tax sale of the land to the Concho Cattle Company, was not prosecuted with reasonable diligence, in that appellees failed to appear

when the case was called for trial, and permitted the same to be dismissed for want of prosecution; and on this account the suit ceased to be operative as *lis pendens*. The writ of error having been sued out within the period provided by law, *lis pendens* continued; and the deed under which appellants claim having been made and delivered between the date of the judgment and the suing out of the writ of error, appellants were purchasers *pendente lite*. (Randall v. Snyder, 64 Texas, 350; Hale v. Langdon, 60 Texas, 564.) If it be conceded that the judgment dismissing appellees' suit for want of prosecution put an end to that suit, the action of Concho Cattle Company, under whom appellants claim, instituted by its cross bill, which involved the title to the land in controversy, was pending at the time of the execution and delivery of the conveyance under which appellants claim; and hence, they were *pendente lite* purchasers as to that action. (Harris v. Schlinke, 95 Texas, 90; Bennett on *Lis Pendens*, 379.) It is unnecessary, in order to constitute the cross action of the Concho Cattle Company a *lis pendens* as to it and parties holding under it, to have service of such cross action upon appellees, said company being plaintiff in said cross action. (Smith v. Olsen, 92 Texas, 183; Bennett on *Lis Pendens*, 379.) The action of the Concho Cattle Company by its cross bill being *lis pendens* at the time of appellants' purchase from it, appellee Mary F. Boyce's amendments of her pleadings in said cross action did not destroy its character as *lis pendens*.

Appellants' fourth and fifth assignments of errors are not well taken. The action of the court complained of could not injuriously affect appellants. The judgment of the Concho Cattle Company against H. Masterson being void for want of service of citation upon him, there was no error in the action of the court in so holding, and decreeing that same be set aside and vacated, although it appeared from appellees' pleadings that H. Masterson no longer had any interest in the land in controversy. It was relief that might be properly given under the pleadings and evidence to appellee Mary F. Boyce. The record shows that judgment was rendered on the same day that the cross bill was filed; therefore, service could not have been had. The record also shows that appellees did not appear. The judgment could, therefore, be attacked collaterally at any time. (Roller v. Ried, 87 Texas, 76.)

Appellants' sixth and seventh assignments of errors are overruled. It was necessary for the Concho Cattle Company, in order to set the statute of limitation running in its favor, to repudiate its tenancy under appellee Mary F. Boyce, and give her notice thereof; and the testimony in the record does not disclose that this was done at a time that would be sufficient to bar said appellee's right to recover the land. (Udell v. Peak, 70 Texas, 551; Flanagan v. Pearson, 61 Texas, 302; Carter v. LaGrange, 60 Texas, 638.) Appellants being *pendente lite* purchasers as to the action brought by the cross bill of the Concho Cattle Company, could only be entitled to such rights as the Concho Cattle Company acquired under the final judgment in that suit; and such judgment being against it, the fact that H. Masterson was not made a party to said cross action would not be of any avail to appellants.

Appellants' eighth assignment of error does not state the objections ·interposed to the evidence excluded, and on that account, is not re-

quired to be considered by us. But, in our opinion, there was no error in the action of the court complained of in said assignment. The notice to produce letters written by Ratchford to Mary F. Boyce and H. Masterson did not require the production of letters written by Ratchford to H. Masterson. And further, if the action of the court in excluding said testimony was error, it was harmless, as the court in its findings of fact found that appellee Mary F. Boyce, about the date stated in the letter, learned through correspondence with Ratchford that the land had been sold for taxes and bought in by the cattle company.

Appellants' ninth assignment of error is overruled. As above stated, the record in the suit in which the Concho Cattle Company obtained judgment on its cross bill against Mary F. Boyce and H. Masterson affirmatively shows that no service was had on them or either of them.

Appellants' tenth assignment of error is not well taken. The testimony, the admission of which is complained of in this assignment, was admissible in this suit to prove that both the legal and equitable title to the land in controversy was in Mrs. Boyce at its institution. And the action of the Concho Cattle Company by its cross bill involving the title to said land, being *lis pendens* at the time of appellants' purchase, they were affected thereby as *pendente lite* purchasers, independent of the character of title under which appellee Mary F. Boyce was defending against said action of the Concho Cattle Company.

For reasons already stated, we overrule appellants' eleventh assignment of error.

Appellants' twelfth assignment of error complains of the action of the court below in rendering judgment in favor of appellee Mary F. Boyce against appellants for the sum of $64, as rents on the land in controversy. There was no error in this action of the court. Appellee Mary F. Boyce, being the owner of the land, and having recovered judgment for the title and possession thereof against appellants, was entitled to the reasonable rental value thereof while in their possession; and the court having found as a fact that such value was five cents per acre per annum for the years 1902, 1903 and 1904, was authorized to render judgment in said appellee's favor for said amount. (Rev. Stats., art. 5273.)

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.