## TEXAS CO. et al. v. DUNLAP. (No. 827.)

Court of Civil Appeals of Texas. Waco. Oct, 17, 1929.

Rehearing Denied Nov. 14, 1929.

P. F. Graves and F. T. Baldwin, both of Houston, for appellants.

Doyle & Woods, of Teague, Witt, Terrell & Witt, of Waco, and A. B. Geppert, of Teague, for appellee.

BARCUS, J. Appellee instituted this suit to recover from appellants, the Texas Company, Texas Pipe Line Company, and the Kirby Petroleum Company, judgment for $40,000, the alleged value of oil which he claimed said defendants had extracted from certain

land owned by him. Said appellants, by cross-action, brought in a number of defendants, asking in event they were cast in the suit, for judgment over against said cross-defendants. The cause was tried to the court, and resulted in judgment being entered for plaintiff against the Texas Company and the Kirby Petroleum Company for the admitted value of the oil extracted from said land, less the amount that had been paid to the parties who drilled the well, and less the ⅟₃₂ of the royalty that had been paid to F. D. Wright, and adjusting the equities between the defendants.

The facts are undisputed. F. D. Wright was the common source of title to the property in controversy, being two lots located in the town of Wortham, upon which a large producing oil well was drilled, and which had produced the oil in controversy. In 1921, F. D. Wright conveyed said land to Daniel Dunlap, retaining a vendor's lien to secure two notes for $150 each. In October, 1922, F. D. Wright filed suit against Daniel Dunlap on the last of said two $150 notes, and asked for a foreclosure of the vendor's lien. Dunlap was cited by publication, and on May 30, 1923, judgment was rendered in favor of F. D. Wright for his debt, together with a foreclosure of the vendor's lien. In October, 1923, the sheriff, under an order of sale issued on said judgment, sold the land to F. D. Wright, the plaintiff in said judgment. On October 15, 1923, F. D. Wright conveyed said property to Robert Jefferson. Robert Jefferson and his successors in title sold the mineral leases and royalties to the various parties named as cross-defendants, and they in turn conveyed the mineral estate, less certain portions of the royalty, to the defendants against whom judgment was rendered. Mike Koury and associates drilled the oil well, for which they were to and did receive a certain portion of the oil. No controversy was made by appellee with reference to the contract as made, and no recovery was had for the oil which was given to Mike Koury and his associates.

In February, 1925, Daniel Dunlap filed a bill of review in the nature of a motion for new trial under article 2236 of the Revised Statutes, seeking to set aside the judgment of foreclosure which had been rendered against him on May 30, 1923, and contemporaneous therewith he filed a lis pendens notice, and by letter notified each of the original defendants sued in this cause of said motion. At the time said motion was filed, a very small quantity of oil, if any, had been extracted from said land. Appellee's motion to set the judgment aside was denied by the trial court, and on appeal the judgment of the trial court refusing to grant a new trial was by this court reversed. Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276. Thereafter, on February 16, 1928, the trial court granted

appellee's motion for rehearing, and set aside the judgment in the case of Wright v. Dunlap which it had originally rendered on May 30, 1923. From said order or judgment no appeal was taken.

While the bill of review or motion for new trial was pending in the cause of Wright v. Dunlap in the Seventy-Seventh district court, appellee Dunlap, on March 23, 1927, filed this suit in the Eighty-Seventh district court to recover the value of the oil that had been extracted from said land, claiming that he was the owner of said land, and entitled to the oil, or the value thereof. Appellants filed pleas in abatement in this suit, asking that same be abated or that it be put on the retired docket until the court had finally acted upon appellee's bill of review or motion for new trial in the Wright v. Dunlap Case. Without any formal order being made, it appears this case was not tried until after the Seventy-Seventh district court had granted appellee's motion for rehearing in the Wright v. Dunlap Case.

▮▮▮▮ There was no controversy about the amount of oil that had been extracted from the land in controversy. Each of the appellants, by various assignments of error and numerous propositions thereunder, contend that the trial court erroneously admitted in evidence the pleadings in the case of Wright v. Dunlap, and the final order of the court in said cause granting appellee's bill of review or motion for new trial and setting said judgment aside; their contention being that they had each purchased their interest in the mineral estate after the original judgment in said cause had been entered and prior to the time the bill of review or motion for new trial had been filed, and were therefore innocent purchasers for value. They further contend that, since they were not parties to appellee's bill of review or motion for new trial in said cause, said judgment was not binding upon them. Under the decisions of our courts, it seems to be well settled that, where a defendant has been cited by publication, and judgment rendered thereon, he has, under article 2236 of the Revised Statutes 1925, two years in which to file a bill of review, which the courts have held is nothing more nor less than a motion for new trial. Wiseman v. Cottingham, 107 Tex. 68, 174 S. W. 281; Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276, and authorities there cited. It seems to be equally well settled that, in a bill of review or motion for new trial under said statute, the only parties necessary to be given notice thereof are the original parties to said suit. Glaze v. Johnson, 27 Tex. Civ. App. 116, 65 S. W. 662 (error refused); Wiseman v. Cottingham, supra. Appellants offered in evidence the original petition in the case of Wright v. Dunlap in the Seventy-Seventh district court, together with the citation and the original judgment and order of sale and sher-

iff's deed based thereon, which formed the sole basis of their chain of title to said mineral leases. We think, beyond question, that appellee's motion for bill of review or new trial filed within the statutory time, together with the order of court granting said motion, as well as all the other papers, were admissible in evidence. Appellants admittedly had no title except that obtained under the sheriff's deed to F. D. Wright, based on the order of sale issued on said judgment, and clearly appellee had a right to show that said judgment was set aside and that F. D. Wright ultimately failed to recover any judgment in said suit.

■ Appellants further contend that, since they purchased their mineral rights prior to the time appellee filed his bill of review or motion for new trial in the Wright v. Dunlap Case, they thereby obtained the superior title to said property, and that the only thing appellee was entitled to recover was the price for which said land was sold under the order of sale issued in said cause. While the last paragraph of said article 2236 might be capable of the construction sought to be placed thereon by appellants, our courts have definitely put a different construction thereon, which is adverse to appellants' contention. Almost the identical question involved was presented in the early case of Harle v. Langdon's Heirs, 60 Tex. 555, and Judge Stayton, in writing the opinion in said cause, stated:

"The naked question then is, whether a person buying land from one who has obtained a judgment in a suit of trespass to try title takes title which will not be annulled by a reversal of the judgment upon writ of error sued out subsequently to his purchase. * * * It is true that a judicial sale, or a sale made under an execution, upon a decree or judgment authorizing it, which is, however, erroneous, but not void, will be sustained when a stranger to the judgment is the purchaser; and this even though he may know that an appeal, in which there is no supersedeas, is pending or contemplated. This rule, however, rests upon a policy which has not been made to apply to purchases voluntarily made from a party to the suit"—citing a large number of authorities.

In Stroud v. Casey, 25 Tex. 740, 78 Am. Dec. 556, Judge Wheeler, in writing the opinion, stated:

"It is perfectly well settled, that where there has been a sale under execution of lands or goods, and a stranger is the purchaser bona fide, his title will not be affected by the subsequent reversal of the judgment. It is equally well settled, that if the plaintiff in execution or his attorney is the purchaser, the reversal of the judgment puts an end to his title."

F. D. Wright, the plaintiff in judgment, having purchased the land under the order of sale, took same subject to and with knowledge of the fact that his title might be defeated by the judgment being set aside by the trial court, or reversed on appeal, and, under the unbroken line of authorities in this state, those who purchased under and through F. D. Wright obtained no better right or title than that held by him. Harle v. Langdon's Heirs, supra; Stroud v. Casey, supra; Glaze v. Johnson, 27 Tex. Civ. App. 116, 65 S. W. 662 (error refused); Randall v. Snyder, 64 Tex. 350; Sharp v. Elliott, 70 Tex. 666, 8 S.. W. 488; Bryson & Hartgrove v. Boyce, 41 Tex. Civ. App. 415, 92 S. W. 820; McLean v. Stith, 50 Tex. Civ. App. 323, 112 S. W. 355 (error refused).

■ Appellants complain of the judgment of the trial court in taxing costs. The trial court adjudged all costs against the defendants the Texas Company and the Kirby Petroleum Company, and further adjudged that each of said defendants should have and recover of and from the respective impleaded cross-defendants all costs incurred by virtue of said parties having been impleaded. There is nothing in the record to show what costs were incurred by any individual party to the suit, and no suggestion made by any of the appellants with reference to any particular item of costs that should have been taxed otherwise than as it was taxed. The record being in this condition, we cannot say that the trial court abused its discretion in taxing the costs as it did.

Some of the appellants state that the trial court was in error in rendering judgment in favor of appellee Dunlap for the $\frac{1}{32}$ royalty interest owned by F. D. Wright which had been transferred to the said Wright by appellee Dunlap after the motion for new trial had been granted in the Seventy-Seventh district court. As we construe the judgment of the trial court, it does not award to appellee any of the $\frac{1}{32}$ royalty interest that had been paid by appellants to F. D. Wright or that was due F. D. Wright under said $\frac{1}{32}$ royalty interest.

■ All of the appellants by numerous propositions contend that appellee was not entitled to recover the value of any of the oil extracted from said land until after the court had set aside the judgment rendered in the Seventy-Seventh district court, on the theory that, until said motion for rehearing was granted, Dunlap had no interest in said property. We overrule these propositions. The title to the property was in Dunlap. The sale made under the judgment of Wright against Dunlap conveyed only an inconclusive title or a title that was subject to be canceled and annulled by the trial court or appellate court setting aside said judgment. Since said judgment was in fact set aside, the effect thereof was to decree the title in Dunlap, where same had been at all times since he purchased it originally from F. D. Wright.

■ The appellants Nick Anagnos and George Saffor and the Edson Petroleum Com-

710

pany complain of the action of the trial court in refusing to render judgment for them for the value of the oil that had been extracted from said land and which they claimed they were entitled to by having purchased portions of the royalty. We overrule all of these propositions. It appears that, in so far as said appellants were concerned, the Texas Company and the Kirby Petroleum Company had placed the proceeds from said oil which would have been paid to said appellants but for the pending litigation, in escrow, and, since their title failed and the property was adjudged to be in appellee Dunlap, the court properly refused said appellants any recovery.

We have examined all of appellants' assignments of error and propositions. Same are overruled, and the judgment of the trial court is affirmed.