## J. T. GLAZE v. MILBANK JOHNSON.

### Decided November 19, 1901.

**1.—New Trial in Suit by Publication—Execution Purchaser—Lis Pendens.**

The new trial which the statute authorizes to be applied for within two years in suits brought by publication wherein judgment by default has been rendered, is a continuation of the original suit, and not a proceeding in the nature of a common law bill of review, and an execution purchaser of property under the judgment or one claiming under him within two years, is a purchaser pendente lite whose title falls with the overthrow of the judgment by reason of a new trial granted in such suit. Rev. Stats., art. 1375.

**2.—Same—"Parties" to Suit.**

The requirement of the statute that all "parties" adversely interested in the judgment rendered by default in a publication suit shall be made parties to the proceeding for a new trial therein, refers to the party in the original suit; and a subsequent purchaser of property sold at execution sale under the judgment need not be served with notice of the application for new trial.

**3.—Evidence—Trespass to Try Title—Judgment—Abandoned Appeal.**

In trespass to try title for property bought at an execution sale made

within two years under a judgment by default against a nonresident cited by publication, it was not error to admit evidence showing that after judgment on a motion for new trial in such former suit, an appeal had been taken, but had been abandoned, and the time for prosecuting the appeal had expired.

Appeal from Harris. Tried below before Hon. Chas. E. Ashe.

*W. J. Howard* and *Ross & Wood,* for appellant.

*Hutcheson, Campbell & Hutcheson,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by J. T. Glaze, the appellant, against Milbank Johnson, the appellee, to recover a parcel of land situated in the city of Houston. The form of the action was trespass to try title, and the service was by publication. On this service judgment was rendered for plaintiff at the August term, 1900, of the District Court, appellee being represented by counsel appointed by the court in accordance with the requirements of the statute. Hutcheson, Campbell & Meyers brought suit for new trial on the last day of the term. Appellee, when advised of their action in his behalf, ratified it, and the proceeding was pressed to a successful conclusion under article 1375 of the Revised Statutes of this State. Glaze has by appeal brought the cause here for revision. The history of the case is as follows:

In 1892 Johnson, joined by other parties in interest, sold to the city of Houston a strip off of the land in controversy, 38 feet wide by 250 feet long, for the purpose of opening a street through and along the property. Johnson then entered into an agreement with the city officials that his taxes as they became due to the city should be settled by crediting the amount of his taxes on the debt due to him by the city for the strip of land so sold. Johnson, relying on this agreement, moved to California, and for several years thereafter his taxes were settled in accordance with this agreement. In 1898 the city of Houston, notwithstanding this agreement, brought a tax suit against Johnson as a delinquent for the year 1896, and procured service by publication. Johnson had personally rendered the property for taxation, and in his rendition disclosed his place of residence in California, but he received no personal notice of this suit. The suit was for $80 taxes due on the property in controversy for the year 1896. When service by publication was duly perfected and the time thereafter had elapsed as required by law, the city, on the 16th day of September, 1898, procured a judgment against Johnson for the $80 taxes and a foreclosure of its tax lien on the property in controversy. At this date the city owed Johnson $500 balance due on its purchase from him of the strip of land for street purposes.

On the trial of the cause in which the last mentioned judgment was rendered, Johnson was represented by an attorney appointed by the court as the statute requires, but no statement of the facts adduced was made and preserved as required by law. On the judgment rendered in

the proceeding last named the city procured the issuance and levy of an order of sale on the land in controversy, the lien having been foreclosed, and on the —— day of December, 1898, the property was sold and bought in by the city on its bid, which equaled the taxes sued for and costs. This purchase was followed by a sheriff's deed to the city, duly executed. In January, 1900, the city sold the property thus purchased to the appellant Glaze for a cash consideration of $260.88, and made him a quitclaim deed therefor. This sale and deed to Glaze was made under the terms of an ordinance of the city of Houston, providing that the city, in disposing of property bought in at tax sales, should make only a quitclaim deed, and should sell and make such deed to any person who wished to purchase and was willing to pay the amount of the taxes, costs, interest, penalties, etc. The sense of this ordinance seems to be that the city should dispose of the property without reference to its value, and only for the purpose of securing the amount of the taxes due thereon and the costs and penalties incident to its collection. The value of the lot in controversy was about $4000. The sum thus paid by Glaze was applied to the settlement of Johnson's taxes for 1896 and 1898.

On the 8th of February, 1900, Glaze brought this suit, and on July 7, 1900, obtained judgment. The attorney appointed by the court to represent Johnson in this proceeding made a motion for a new trial which was overruled on August 11, 1900. On the same day (which was the last day of the term) the firm of Hutcheson, Campbell & Hutcheson, lawyers, filed a motion for new trial under article 1375, Revised Statutes. This was done without the knowledge or authority of Johnson.

On September 14, 1900, this same firm of lawyers filed for Johnson a motion for new trial in the case of the City of Houston v. Johnson, in which the tax judgment had been rendered. At the time of filing this motion Johnson did not know of the judgment, or of the action of the firm in his behalf, but in October following the firm had communicated with Johnson and was employed by him to protect his interests in both suits. We will hereafter denominate the tax suit brought by the city as the "city judgment," and the judgment obtained by Glaze in the trespass to try title suit as the "Glaze judgment."

Pursuant to the employment above named, said attorneys filed an amended motion for new trial on the —— day of October, 1900, and the hearing of said motion resulted in the judgment rendered in this case. Johnson also, when the facts were brought to his knowledge, approved and ratified the action of Hutcheson, Campbell & Hutcheson in making motion for new trial in the city judgment, as well as the Glaze judgment, and under his authority they had the city judgment set aside. In the proceeding by which the city judgment was set aside appellant Glaze was not made a party, and for this reason he insists that the trial court erred in admitting in evidence the city judgment in the trial of the cause between Glaze and Johnson. Thus is presented what we regard as the controlling question in the case.

If the proceeding brought by Johnson in the city suit by reason of which the judgment in that case was set aside was a continuation of the same suit, then Glaze was a purchaser lis pendens, and his title fell with the overthrow of that judgment. But appellant contends that the proceedings brought by Johnson's attorneys were in the nature of a bill of review as at common law, and that purchasers at sales under process issued before the judgment was set aside had a perfect title as against the attack of any party to the original suit.

When a party cast in a suit fails to take steps to suspend or supersede the judgment pending appeal or writ of error, he can not disturb one who, not being a party to the suit, purchases under execution issued on the judgment. The purchaser takes title unaffected by the subsequent reversal of the judgment by appeal or writ of error. The successful appellant can not undo the execution proceedings, and can at most recover of his adversary the value of the property so sold at execution sale. Article 1378, Revised Statutes, does no more than to so modify this rule in publication suits as to limit the recovery against the plaintiff to the amount the property brought at execution. The rule of course is different when the successful party to the suit becomes the execution purchaser. It is plain that he can buy no greater right than he is litigating, and inasmuch as the property in such a case has not passed into innocent hands, he must make restitution if the judgment under which he bought is set aside. The reason for this distinction is plain. It is necessary that the party cast and who wishes to appeal shall have some incentive to induce him to execute a supersedeas bond. So the law is, that if the judgment is not suspended by supersedeas, the plaintiff may have his execution, and if third parties buy at the sale, they take a perfect title. Thus the plaintiff has the whole world for a market in his lawful effort to satisfy his judgment. But if he himself becomes the purchaser, the attitude of the parties is in no sense changed, and the reversal of the judgment by appeal or writ of error ought to and does entitle the successful appellant to have all the consequences of the judgment annulled.

This rule has been extended to a purchaser from a purchaser at his own execution sale. Cordray v. Newhaus, 61 S. W. Rep., 415. The opinion in the case just cited contains a full discussion of the question and a review of the authorities, a fact which renders it unnecessary for us to extend this discussion further. But in that case the question settled was the effect of a reversal by writ of error, it being held that a writ of error was a continuation of the same suit, and that a purchaser from a purchaser at his own execution sale was in no better position than his vendor.

The statute provides in article 1375 that in judgments rendered on service had by publication the defendant may at any time within two years file his motion for new trial and for good reason shown have the judgment set aside. The question is, does the rule announced in Cordray

v. Newhaus, supra, apply to judgments set aside in proceedings controlled by the article above mentioned? Appellant contends that it is nothing more than an equitable bill of review, and that the statute does no more than declare the common law. We can not concur in this contention. The article in question is found in the chapter devoted to new trials. The litigant personally served must make his motion for new trial within two days after judgment rendered, or in any event at the same term of the court. Article 1375 does no more than extend the time in which a defendant served by publication, and who has not appeared at the trial either in person or by an attorney of his own selection, may make his motion for new trial.

It would seem to follow that such a proceeding successfully conducted would result in the effectual undoing of every right acquired by the opposing party, under the judgment thus set aside. Glaze could buy no more than the city had to sell. He bought with notice that Johnson might within two years set aside the judgment on which his rights rested. It doubtless influenced him in the price he paid. He must have known that he could not have bought $4000 worth of property for $260, except on the theory that he was buying a defeasible right. That the proceeding by which this city judgment was set aside is a motion for new trial has been distinctly declared in the following cases: Mussina v. Moore, 13 Texas, 7; Kitchen v. Crawford, 13 Texas, 519; Miles v. Dana, 13 Texas Civ. App., 240.

It will scarcely be contended that one who purchases a judgment between the date of its rendition and the date of the motion for new trial buys any greater right than the litigant had to sell. The appellant in this cause occupies no better place. But he contends that he was a necessary party to the motion, and that he can not otherwise be affected by the judgment. This contention is based in part upon the language of the statute requiring that all *parties* adversely interested in the judgment shall be made parties to the proceeding. It should be borne in mind that the word *parties* is used as contradistinguished from the word *persons*. A *party* is a party to the suit. In perfecting appeals or writs of error, the party appealing must name as obligees in his bond all *parties* adversely interested, but it will scarcely be contended that this means more than that those parties to the suit whose interests are adverse must be made parties to the appeal. The conclusion is therefore inevitable that the nonresident defendant served by publication may within two years make his motion for new trial, and in so doing need only make such *parties* as were concerned in the original suit.

The appellant's rights have no other ground on which to rest than the judgment in the city suit. That judgment was in fact regularly set aside. His effort to secure a judgment against Johnson in this trespass to try title suit had no other basis.

The trial court correctly found not only that the judgment in the city suit had been in fact set aside, but found that the lien should have

been foreclosed against a different piece of property. We think Glaze's remedy, if any he has, is against the city, and not against appellee.

The complaint that the court erred in admitting the city judgment in evidence because an appeal therein has been perfected, and erred in permitting the city attorney of Houston and J. C. Hutcheson to testify that the judgment had been settled and the appeal abandoned, is without merit. The judgment was in fact settled by an accommodation with the city, and the time has now long passed in which such an appeal can be pressed.

We do not deem it necessary to extend this discussion further or to notice in detail the various assignments of error. We have found no reversible error in the record, and think the judgment should be affirmed.

*Affirmed.*

Writ of error refused.