## LOVENSTEIN v. LOVENSTEIN.

### No. 10875.

Court of Civil Appeals of Texas. Dallas.
Jan. 3, 1931.

Rehearing Denied Jan. 31, 1931.

Tom Shires, of Dallas, for appellant.

Taylor & Irwin, Miss Mildred Douglass, and George Sergeant, all of Dallas, for appellee.

LOONEY, J.

The pertinent facts of the case, stated in chronological order, are these: On February 7, 1926, judgment for divorce was rendered in favor of W. I. Lovenstein against his wife, Mary E. Lovenstein, on service of process by publication. The defendant made no appearance, either in person or by an attorney of her selection, but within two years sought a new trial under the provisions of article 2236, R.

S. 1925. Her petition for new trial was heard and granted on May 28, 1928, but the clerk failed to enter the order in the minutes of court until some time later. The case was finally tried on its merits July 5, 1929, and judgment was rendered denying plaintiff's petition, from which he did not appeal. Discovering the failure of the clerk to enter the order for a new trial, defendant moved for a nunc pro tunc entry, which the court authorized, and the same was duly entered on September 24, 1929, as of May 28, 1928. On May 30, 1929, plaintiff filed a motion, based on sundry grounds, praying that the order granting a new trial and the nunc pro tunc entry, be set aside and held for naught. From the order overruling this motion plaintiff prosecutes this appeal.

We have rather an anomalous situation. Plaintiff acquiesced, without appealing, in the final judgment against him on the merits of the case, but seeks by this appeal to bring up for review the action of the court vacating the original judgment and granting defendant a new trial. This, in our opinion, cannot be done.

Defendant's petition for a new trial was authorized by the following provisions of article 2236, R. S. 1925, viz.: "In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection: 1. The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. The parties adversely interested in such judgment shall be cited as in other cases. * * *"

■■ Our courts have uniformly held, with possibly one exception (Brown v. Dutton, 38 Tex. Civ. App. 294, 85 S. W. 454), that a proceeding under this statute for a new trial by a defendant, served with process by publication, is not an independent suit in equity to set aside or review the judgment, but is a continuation of the suit in which the judgment complained of was rendered. This being true, it follows that an order either granting or refusing a new trial is interlocutory in nature, and not appealable. See Miles v. Dana, 13 Tex. Civ. App. 240, 36 S. W. 848, 851; Glaze v. Johnson, 27 Tex. Civ. App. 116, 65 S. W. 662; Wolf v. Sahm, 55 Tex. Civ. App. 564, 120 S. W. 1114, 1116, 121 S. W. 561; Fred v. Fred, 58 Tex. Civ. App. 574, 126 S. W. 900, 901; Wiseman v. Cottingham, 107 Tex. 68, 71, 174 S. W. 281; Houston Oil Co. v. McCarthy (Tex. Com. App.) 245 S. W. 651.

Other questions raised are subsidiary, and for that reason will not be discussed.

The appeal attempted was not authorized, being from the interlocutory order granting a new trial; hence we acquired no jurisdiction of the case other than to enter a dismissal.

Appeal dismissed.