## TEXAS CO. et al. v. DUNLAP.

No. 1238—5649.

Commission of Appeals of Texas, Section B.

July 22, 1931.

Y. A. Land, of Denver, Colo., and F. T. Baldwin, T. J. Lawhon, Pleasant F. Graves, and W. E. Loose, all of Houston, for plaintiffs in error.

Witt, Terrell & Witt and A. L. Riley, all of Waco, and Doyle & Woods and A. B. Geppert, all of Teague, for defendant in error.

LEDDY, J.

We adopt from the opinion [21 S.W.(2d) 707] of the Court of Civil Appeals the following statement of the case:

"Appellee instituted this suit to recover from appellants, the Texas Company, Texas Pipe Line Company, and the Kirby Petroleum Company, judgment for $40,000, the alleged value of oil which he claimed said defendants had extracted from certain land owned by him. Said appellants, by cross-action, brought in a number of defendants, asking in event they were cast in the suit, for judgment over against said cross-defendants. The cause was tried to the court, and resulted in judgment being entered for plaintiff against the Texas Company and the Kirby Petroleum Company for the admitted value of the oil extracted from said land, less the amount that had been paid to the parties who drilled the well, and less the 1/32 of the royalty that had been paid to F. D. Wright, and adjusting the equities between the defendants.

"The facts are undisputed. F. D. Wright was the common source of title to the property in controversy, being two lots located in the town of Wortham, upon which a large producing oil well was drilled, and which had produced the oil in controversy. In 1921, F. D. Wright conveyed said land to Daniel Dunlap, retaining a vendor's lien to secure two notes for $150 each. In October, 1922, F. D. Wright filed suit against Daniel Dunlap on the last of said two $150 notes, and asked for a foreclosure of the vendor's lien. Dunlap was cited by publication, and on May 30, 1923, judgment was rendered in favor of F. D. Wright for his debt, together with a foreclosure of the vendor's lien. In October, 1923, the sheriff, under an order of sale issued on said judgment, sold the land to F. D. Wright, the plaintiff in said judgment. On October 15, 1923, F. D. Wright conveyed said property to Robert Jefferson. Robert Jefferson and his successors in title sold the mineral leases and royalties to the various parties named as cross-defendants, and they in turn conveyed the mineral estate, less certain portions of the royalty, to the defendants against whom judgment was rendered. Mike Koury and associates drilled the oil well, for which they were to and did receive a certain portion of the oil. No controversy was made by appellee with reference to the contract as made, and no recovery was had for the oil which was given to Mike Koury and his associates.

"In February, 1925, Daniel Dunlap filed a bill of review in the nature of a motion for new trial under article 2236 of the Revised Statutes, seeking to set aside the judgment of foreclosure which had been rendered against him on May 30, 1923, and contemporaneous therewith he filed a lis pendens notice, and by letter notified each of the original defendants sued in this cause of said motion. At the time said motion was filed, a very small quantity of oil, if any, had been extracted from said land. Appellee's motion to set the judgment aside was denied by the trial court, and on appeal the judgment of the trial court refusing to grant a new trial was by this court reversed. Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276. Thereafter, on February 16, 1928, the trial court granted appellee's motion for rehearing, and set aside the judgment in the case of Wright v. Dunlap, which it had originally rendered on May 30, 1923. From said order or judgment no appeal was taken.

"While the bill of review or motion for new trial was pending in the cause of Wright v. Dunlap, in the Seventy-Seventh district court, appellee Dunlap, on March 23, 1927, filed this suit in the Eighty-Seventh district court to recover the value of the oil that had been extracted from said land, claiming that he was the owner of said land, and entitled to the oil, or the value thereof. Appellants filed pleas in abatement in this suit, asking that same be abated or that it be put on the retired docket until the court had finally acted upon appellee's bill of review or motion for new trial in the Wright v. Dunlap Case. Without any formal order being made, it appears this case was not tried until after the Seventy-Seventh district court had granted appellee's motion for rehearing in the Wright v. Dunlap Case."

It is insisted by plaintiffs in error that they were innocent purchasers for value of the mineral estate, because they purchased the same after the original judgment in said cause had been rendered and prior to the filing of the motion for new trial, and further, that since they were not made parties to the proceedings for a new trial in said cause, the subsequent order setting aside the judgment and granting a new trial was not binding upon them.

■ The identical questions above presented were considered and determined adversely to plaintiffs in error's contention by the Court of Civil Appeals in the case of Glaze v. Johnson; 27 Tex. Civ. App. 116, 65 S.W. 662. Article 2236, R. S. 1925, was there construed as having no application where the plaintiff in judgment is the purchaser at his own execution sale. It was determined that, where the plaintiff in judgment purchases at the execution sale and subsequently conveys the property to others for value, the granting of a motion for a new trial and setting aside the judgment puts an end to the title so acquired, and this regardless of whether the persons claiming title under the execution sale were made parties to the proceedings for a new trial in the original cause. The rule is otherwise, where a third party purchases at the execution sale. The title thus acquired is not affected by the subsequent granting of a motion for new trial.

After this construction had been placed upon article 2236 by the Court of Civil Appeals, with the approval of the Supreme Court by the denial of an application for writ of error, this article was re-enacted in the codifications of 1911 and 1925 without any substantial modification being made therein. Under such circumstances, it will be presumed that the Legislature in re-enacting the statute intended to adopt the judicial construction theretofore given it. Cruzan v. Walker (Tex. Sup.) 26 S.W.(2d) 908; Cargill & Dennis v. Kountze Bros., 86 Tex. 400, 22 S. W. 1015, 25 S. W. 13, 24 L. R. A. 183, 40 Am. St. Rep. 853; Country Club v. State of Texas, 110 Tex. 49, 214 S. W. 296, 5 A. L. R. 1185.

■■ Plaintiffs in error very frankly concede that the identical contention made by them as to a proper construction of article 2236 was overruled in Glaze v. Johnson. They insist, however, that the subsequent

enactment of the lis pendens statute materially affects the decision of the question now raised by them. It is asserted that inasmuch as no lis pendens notice was filed by the defendant in the case in which he was cited by publication, as required by articles 6641 and 6642, the title emanating from the sale under execution was a good and valid one.

It is rather difficult to understand just how the existence of the lis pendens statute can be of any aid to plaintiffs in error. Articles 6641 and 6642 of this act exclude from its protection all persons purchasing with actual or constructive notice of the lien. City National Bank v. Craig, 113 Tex. 375, 257 S. W. 210; Holford v. Patterson, 113 Tex. 410, 257 S. W. 213; Ater v. Knight (Tex. Civ. App.) 218 S. W. 648, 651 (writ refused); Paddock v. Williamson (Tex. Civ. App.) 9 S.W.(2d) 452 (writ refused).

In Ater v. Knight, above cited, in discussing the effect of the lis pendens act upon persons having actual or constructive notice of the lien, the court said: "It is also asserted by appellant that the court was in error in establishing and foreclosing the vendor's lien as to the appellants, for the reason that Mrs. Ater purchased without notice of the judgment, there being no lis pendens notice filed in Lubbock county in the suit of Knight v. Kincannon, No. 922, pending in Hale county. The deed executed by Knight to Kincannon was duly recorded, and recited the vendor's lien was retained to secure the note upon which the judgment was obtained, and said deed was in appellants' chain of title. The reservation of the lien on the lot for the payment of the purchase money charged the appellant with notice of the lien."

Plaintiffs in error are in no position to assert that they were purchasers without constructive notice of the lien which was foreclosed by Wright. The deed retaining the vendor's lien, as well as the judgment of foreclosure, were essential links in plaintiffs in error's chain of title. It is elementary that all persons are charged with notice of everything revealed by any document or instrument in the chain of title under which they claim an interest in land. This being true, plaintiffs in error were charged with notice that a lien existed against said land to secure the payment of the purchase money, and that the judgment in the foreclosure case was one based upon service of citation by publication. They were further charged with knowledge of the existing law which granted the defendant in that case the right at any time within two years to file a motion for a new trial. In other words, they must be held to have known at the time they acquired the mineral estate in this land that the judgment under which they purchased was subject to be set aside and a new trial granted if a motion was filed by the defendant within two years from the date of the judgment, in compliance with the terms of article 2236 of the statutes.

It is further claimed that defendant in error was not entitled to recover for conversion of oil taken from the land in question by plaintiffs in error, because he was not the owner and entitled to the possession of this property at the time he filed his original petition. It appears that when this case was called for trial it was postponed on the docket until the motion for a new trial in the case of Wright v. Dunlap, was granted and the judgment set aside. In this connection, it is said that Dunlap's title and right of possession to the property passed out of him as a result of the foreclosure judgment and sale thereunder, and that all title and right of possession to the property passed to and remained with plaintiffs in error until February 16, 1928, the date the motion for new trial was granted in the case of Wright v. Dunlap.

We are not prepared to assent to the correctness of the proposition thus asserted. The judgment rendered in the case of Wright v. Dunlap, being based upon service of citation by publication, was merely an interlocutory one and so remained until the expiration of the time allowed by law for filing a motion for new trial. Rabinowitz v. Darnall (Tex. Com. App.) 13 S.W.(2d) 73.

The record before us does not present a case falling within the rule announced in the line of authorities relied upon by plaintiffs in error. The title of Dunlap was not one acquired after the bringing of this suit. His original title was never divested, because no judgment rendered against him ever became final. An interlocutory judgment was rendered against him, but this did not have the effect of a final judgment. When it was set aside before it became final Dunlap's ownership of the property in question dated from the inception of his title. To hold otherwise would be to determine that one who wrongfully obtains an interlocutory judgment recovering land which is later set aside by the granting of a motion for new trial may properly develop for his own profit the minerals in such land during the period such judgment remains in force.

Plaintiffs in error throughout their brief have treated the proceeding brought by Dunlap to set aside the judgment in the case of Wright v. Dunlap, as being one in the nature of a bill of review. In such a case, the judgment would be a final one operating to vest title, but such title would be subsequently divested if the bill of review should be sustained and the judgment set aside. The proceeding brought against Dunlap in the case in which foreclosure judgment was rendered against him was in no sense a bill of review,

but simply a motion for a new trial in the suit in which the judgment was rendered. Article 2236, R. S. 1925; Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276; Wiseman v. Cottingham, 107 Tex. 68, 174 S. W. 281; Glaze v. Johnson, 27 Tex. Civ. App. 116, 65 S. W. 662.

We have carefully examined various other assignments of error presented by plaintiffs in error. To discuss them seriatim would prolong this opinion beyond a reasonable length. It is sufficient to say that we do not find any of them present, a substantial reason for a reversal of the judgment rendered by the Court of Civil Appeals.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals, affirming the judgment of the district court, is affirmed, as recommended by the Commission of Appeals.