SANTOS TRUJILLO V. ANDRES TAPIA PIAROTE ET AL.

No. 5951.  Decided October 26, 1932.

(53 S. W., 2d Series, 466.)

174

*Harrison, Scott & Rasberry,* of El Paso, for appellants.

Upon question of judgment not becoming final for two years and that Article 2236 merely extends the time in which the motion for new trial may be filed: Glaze v. Johnson, 27 Texas Civ. App., 116, 65 S. W., 662; Wiseman v. Cottingham, 107 Texas, 68, 174 S. W., 281; Rabinowitz v. Darnall, 13 S. W. (2d) 72; Dunlap v. Wright, 280 S. W., 276.

*R. A. D. Morton, Fryer & Cunningham* and *David E. Mulcahy,* all of El Paso, for appellees.

Under Article 2236, R. S., 1925, where a new trial is granted, can the stakeholder of a fund paying same out under order of the court before the granting of the new trial and before the former order was superseded be forced to pay again?

There is no reason why the stakeholder should suffer. Cleveland v. Tufts, 69 Texas, 580, 7 S. W., 74; Kirby v. Morris, 198 S. W., 995; Adams v. Odom, 74 Texas, 206, 12 S. W., 36; Claflin v. Pfeiffer, 84 Texas, 23, 19 S. W., 297; Willis v. Keator, 181 S. W., 556; Harle v. Langdon, 60 Texas, 555; Texas Co. v. Dunlap, 21 S. W. (2d) 707; Stroud v. Casey, 25 Texas, 755.

MR. JUDGE LEDDY delivered the opinion for the Commission of Appeals, Section B.

The Honorable Court of Civil Appeals for the Eighth Supreme Judicial District presents for the determination of the Supreme Court the following statement and question:

"On June 23rd, 1925, the Commissioners' Court of El Paso County entered an order approving the report of a Jury of View theretofore appointed to lay out a public road. The order awarded damages in the sum of $700.00 to Porfira Trujillo 'or her heirs.' On January 30th, 1928, the appellee, Mrs. Andrea Tapia Piarote, individually, and as independent executrix of the estate of George Piarote, deceased, filed a suit in the County Court at Law of El Paso County against Mrs. Gregoria Piarote Colmenero, the County of El. Paso 'and the unknown heirs of Porfiria Trujillo, deceased.'

"In this petition the award of $700.00 damages to Porfiria Trujillo, or her heirs, was alleged, and that Porfiria Trujillo was dead; that during her lifetime she married Melquiades Trujillo, who died prior to her death; that of the union three children were born, to-wit: Angelita, Meliton and Santos; that neither of said children were ever married and had died without issue; that George Piarote was a brother of Porfiria Trujillo and the defendant Gregoria Piarote Colmenero is a sister of Porfiria Trujillo, and that Porfiria Trujillo left no other heirs; that plaintiff and the defendant Colmenero were entitled to said sum of $700.00.

"The plaintiff prayed judgment for said sum, or so much thereof as she might be entitled to.

"The unknown heirs of Porfiria Trujillo were cited by publication and an attorney appointed to represent them in the action. The attorney answered by general demurrer and general denial.

"On June 4, 1928, judgment was rendered in said suit against El Paso County in favor of the said plaintiff for $350.00, and against the County in favor of Gregoria Piarote Colmenero for $350.00, and further provided 'that the Treasurer of said County of El Paso, Texas, be and is hereby authorized and

ordered to pay said sums of money to said parties upon each of them giving bond with two good and sufficient sureties payable to said Treasurer, in the sum of Three Hundred and Fifty ($350.00) Dollars each, conditioned upon the return of said money to said Treasurer, in the event that the unknown heirs of said Porfiria Trujillo show themselves entitled to the same.'

"The record before us does not disclose the pleadings filed in said suit by El Paso County and Mrs. Colmenero, but the judgment recites that the County appeared by its County Attorney and Mrs. Colmenero appeared in person.

"The judgment recites that after hearing the pleadings and the evidence the court was of the opinion that the plaintiff was entitled to $350.00 and Mrs. Colmenero entitled to a like sum. Bonds, with A. Apodaca and Frank Candelaria as sureties, were executed by the plaintiff and Mrs. Colmenero and the money paid by the County as the judgment directed, said bonds containing the following condition:

" 'Now if said County of El Paso is not forced to pay said sum to said unknown heirs then this obligation to be void.'

"On August 19, 1929, the appellant, Santos Trujillo filed a motion in said suit which he designates as a motion for a new trial and petition for review, in which he sets up the following facts: The award of $700.00, as aforesaid, to the heirs of Porfiria Trujillo; the marriage of Porfiria Trujillo, the death of her husband and her death, and that he, Santos Trujillo, is the only surviving child and heir at law of the said Porfiria Trujillo; the motion also alleged the filing of the aforesaid suit by Andrea Tapia Piarote, the rendition of the judgment of June 4, 1928, the execution of the bonds aforesaid and the payment of said judgment by El Paso County. He further set up that he was not represented by counsel of his own choosing in that case, and knew nothing about any of the proceedings above mentioned and that under the provisions of Section 1, Art. 2236, R. S. he is entitled to a new trial and, as the only living child of Porfiria Trujillo, is entitled to the fund. He prayed for process against the said Candelaria and Apodaca, and the other parties to the judgment of June 4, 1928; that said judgment be set aside, and a new trial granted, and upon final hearing that he have judgment for the sum of $700.00 against the plaintiff and the defendants in said suit and against the said Apodaca and Candelaria.

"The motion was verified and in due form, and showed that plaintiff was the only heir at law of Porfiria Trujillo and entitled to the fund.

"El Paso County answered the motion by general demurrer, general denial and special answer setting up the suit by Mrs. Piarote and judgment of June 4, 1928, and payment as ordered by said judgment. It also asked for judgment over against Mrs. Piarote and Mrs. Colmenero and the sureties Candelaria and Apodaca in the event of a recovery against it by Santos Trujillo. By agreement of parties action on the motion was continued from time to time without prejudice to their rights.

"On December 16, 1920, the Motion of Santos Trujillo came on to be considered and was heard by the court without a jury and judgment rendered setting aside and holding for naught the judgment of June 4th, 1928, and that Santos Trujillo recover of Andrea Tapia Piarote, individually, and as independent executrix of the estate of George Piarote, deceased, the sum of $350.00, with interest, and in favor of Santos Trujillo for a like sum against Gregoria Piarote Colmenero, with interest, and denied any recovery against El Paso County, Apodaca and Candelaria.

"The Court's findings show that Santos Trujillo was the only surviving child and heir at law of Porfiria Trujillo, deceased, and as such was the one lawfully entitled to the said sum of $700.00 damages awarded in the condemnation proceedings as aforesaid:

"From the aforesaid judgment of December 16, 1930, Santos Trujillo prosecutes this appeal, complaining only of that portion of the judgment denying him recovery against El Paso County for said sum of $700.00.

"This Court deems it advisable to submit to the Supreme Court for adjudication, under Article 1851, Revised Statutes, and it does hereby respectfully so present to such Court this question: Upon the facts stated, is the said Santos Trujillo entitled to judgment against El Paso County for said sum of $700.00?"

■ A proceeding to set aside a judgment rendered under service of process by publication is not a bill of review, but a motion for new trial in the case in which such judgment has been rendered. Art. 2236, R. S., 1925, merely operates to extend the time in which a motion for new trial may be filed in cases where the judgment is rendered upon constructive rather than actual service of process. Glaze v. Johnson, 65 S. W., 662; Wise v. Cottingham, 107 Texas, 68, 174 S. W., 281; Rabinowitz v. Darnall, 13 S. W. (2d) 72; Texas Co. v. Dunlap, 21 S. W. (2d) 707.

■■ A judgment rendered upon constructive service does not

become final until two years have elapsed from the date of its rendition. Rabinowitz v. Darnall, supra. When a motion for new trial, filed within the time provided by Art. 2236, has been granted in a case of this kind, the case stands upon the docket, as between the parties, in the same condition as if the judgment had never been rendered. All burdens placed upon the person against whom the judgment has been rendered are effectually removed when the motion for a new trial has been granted; just as in any other case where a judgment has been set aside upon a defendant's motion for a new trial. Glaze v. Johnson, above cited.

But it is contended that under Subdivision 3 of Art. 2236 appellant's only remedy was against the persons to whom the county had paid the sums awarded under the original judgment. The provision of the statute relied upon reads as follows:

"If property has been sold under the judgment and execution before the process was suspended, the defendant shall not recover the property so sold, but shall have judgment against the plaintiff in the judgment for the proceeds of such sale."

By its very terms this statute only applies in a case where property has been sold under execution. This is not that sort of a case. By no process of construction can the statute be extended so as to apply to the facts of this case. It is not contended that any property was sold under execution. In fact, the statute expressly prohibits the issuance of an execution against a county. Art. 1575, R. S., 1925. Even in cases where property has been sold under execution the statute has been construed to protect only strangers to the suit who may have purchased at the execution sale. A party to the suit who becomes a purchaser at such sale is not protected in his title to the property so acquired if a motion for new trial is subsequently granted. This Commission, in Texas Co. v. Dunlap, 41 S. W. (2d) 43, in approving the holding to this effect by the Court of Civil Appeals in Glaze v. Johnson, 65 S. W., 66, said:

"Article 2236, R. S., 1925, was there construed as having no application where the plaintiff in judgment is the purchaser at his own execution sale. It was determined that, where the plaintiff in judgment purchases at the execution sale and subsequently conveys the property to others for value, the granting of a motion for a new trial and setting aside the judgment puts an end to the title so acquired, and this regardless of whether the persons claiming title under the execution sale were made parties to the proceedings for a new trial in the original cause. The rule is otherwise, where a third party purchases at the

execution sale. The title thus acquired is not affected by the subsequent granting of a motion for new trial."

■ The county could have released itself from liability in this case by paying into the registry of the court the amount admittedly owed for the land it had condemned, with a request that the court determine to whom the funds lawfully belonged. 18 C. J., p. 778; Roberts v. Bludworth, 295 S. W., 210.

It is urged that the county should be freed from liability to appellant because it paid the amount of the judgment under specific direction of the court. The court did not unconditionally order the county to pay the judgment awarded against it. The order for payment by the county was expressly conditioned that it pay the amount awarded to the two defendants "upon each of them giving bond with two good and sufficient sureties, payable to said treasurer in the sum of $350 each, conditioned upon the return of said money to said treasurer in the event that the unknown heirs of said Porfiria Trujillo showed themselves entitled to the same." It thus appears that under this direction the county was ordered to pay the judgment only when it had indemnified itself against a repayment by demanding the delivery of the bond provided for therein.

■ If the county is not fully protected against a repayment of the original judgment it is because of its own lack of diligence in failing to demand the delivery of a bond with solvent sureties. Since this is true, it is in no position to insist that it should not pay appellant the amount shown to be justly due him.

We recommend that the question certified be answered in the affirmative.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. CURETON, Chief Justice.