

having the burden of proof, sufficient to justify an inference of negligence on the part of the defendant, and none such can be drawn from an occurrence which, while indicating negligence somewhere, is as consistent with the hypothesis that it was his own, or that of one in whose right he sues, as that it was that of the other party." Courtney v. New York, & N. H. Ry. Co., D.C., 213 F. 388; 25 C.J. p. 204, Sec. 38; 28 C.J. p. 600, Sec. 70. This reasoning gives rise to the rule restated in Davis v. Castile, Tex.Com.App., 257 S.W. 870, applicable here, that the doctrine of res ipsa loquitur has no application where the thing causing the accident was not under the exclusive management of the defendant, but was partially under that of the injured party. See also 45 C.J. p. 1214, Sec. 781. The holding in Tyreco Ref. Co. v. Cook, Tex. Civ.App., 110 S.W.2d 219, is not contrary to the rule of evidence above stated. Benkendorfer v. Garrett, Tex.Civ.App., 143 S. W.2d 1020, is not applicable under plaintiffs' pleadings, and for the further reason that the instrumentality or thing which caused the explosion is a matter of conjecture.

For the reasons above indicated, the judgment of the trial court is affirmed.

Oliver W. Johnson, of San Antonio, for appellant.

Leonard Brown, of San Antonio, for appellee.

NORVELL, Justice.

This is an attempted appeal from an order granting a motion for new trial under the provisions of Rule 329, Rules of Civil Procedure, formerly Article 2236, Vernon's Ann.Stats.

The original action resulted in appellant's obtaining a decree of divorce from appellee.

The order from which the appeal is prosecuted sets aside the former judgment and awards appellee a new trial. It does not determine the cause of action for divorce which was originally asserted by appellant.

The order is interlocutory in nature and consequently the appeal must be dismissed for want of jurisdiction. Lovenstein v. Lovenstein, Tex.Civ.App., 35 S.W.2d 271; Trujillo v. Piarote, 122 Tex. 173, 53 S.W.2d 466.

**ROBINSON v. ROBINSON.**

No. 11196.

Court of Civil Appeals of Texas.
San Antonio.

July 29, 1942.

**CROUCH v. CROUCH et al.**

No. 2508.

Court of Civil Appeals of Texas. Waco.

July 16, 1942.

