RIMBOW et al. v. RIMBOW et al.

No. 11748.

Court of Civil Appeals of Texas. Galveston.

Nov. 29, 1945.

F. S. K. Whittaker, of Houston, for appellants.

A. B. Gerland and Henry E. Kahn, both of Houston, for appellees.

GRAVES, Justice.

This appeal, by Zeola Martin Rimbow and Huckaby Funeral Service, a firm composed of Selina J. Thomas and L. F. Huckaby, as appellants, against Rose Esther Rimbow, Jesse Rimbow, Jr., and Bessie Mae Rimbow, minors, acting by their guardian ad litem, Henry E. Kahn, Henry L. Thompson, and A. B. Gerland, as appellees, is from a judgment of the 61st District Court of Harris County in consolidated cause No. 301,101 on the docket thereof, styled Jesse Rimbow, Sr., v. Rose Esther Rimbow et al.

The gist of such decree in consolidation was to declare void, as having been procured by fraud on the court and the wife it dealt with, a prior judgment by the same court in cause No. 301101 on its docket on the 30th day of March, 1944, granting Jesse Rimbow, Sr., a divorce against appellee Rose Esther Rimbow, declaring the latter to be his surviving wife, rather than appellant Zeola Martin Rimbow, and dividing the property and assets left over at the time of Jesse Rimbow's death on the 10th day of April, 1944, between his such surviving wife Rose Esther Rimbow, and his only children and heirs, appellees Jesse Rimbow, Jr., and Bessie Mae Rimbow.

Such appealed-from judgment had been rendered by the trial court, sitting without a jury, in response to a pleading by the appellee, Rose Esther Rimbow, filed pursuant to Rule 329, Texas Rules of Civil Procedure, on the 5th day of May 1944, and amended January 5 and January 20, 1945, on allegations in the nature of an equitable proceeding, or a bill of review, the controlling recitations of which were in substance these:

"That process was procured on her in the divorce case by publication, that she knew nothing of the suit until after Jesse Rimbow, Sr., died, and was not represented in the case; that the judgment for divorce was procured against her by false testimony, and by fraud on her and the court; that she and the deceased owned a home of the value of about $2000.00 at the time of his death, and that he left two policies of life insurance, in the amounts of $292.00 and $240.00 with the Universal Life Insurance Company, and one for $1000.00 with the Equitable Life Insurance Company, in which she was the named beneficiary; and that he died as the result of injuries received while working for the American Rolling Mill Company, which was then covered by workmen's compensation insurance carried by the American General Insurance Company; that there was due the estate of the said Jesse Rimbow, Sr., deceased, $260.54 as unpaid wages by the American Rolling Mill Company; that there was only one debt owing by him, to-wit: a funeral bill to the appellant, Huckaby Funeral Home, for burying him; that he had died intestate, leaving the appellee as his surviving widow and the two elsewhere named minors as his only heirs; that no administration was had on his estate, and that none was necessary. The two life insurance companies and the compensation insurance carrier, by three separate suits, admitted liability under their policies, and tendered the insurance funds into the court to be awarded to the parties entitled thereto. The three suits by the insurance companies mentioned, were consolidated with the original divorce suit and motion by appellee, Rose Esther Rimbow. The American Rolling Mill Company tendered into court the balance due by it to the estate of Jesse Rimbow, Sr., deceased, to be awarded to the parties entitled thereto; the Huckaby Funeral Home, appellant, claimed a funeral bill of $825.00 against the estate of Jesse Rimbow, Sr., deceased, for Rimbow's burial, and sought in the case to be paid its bill out of said insurance fund."

It is not disputed between the litigants that all necessary parties—that is, all those having any interest in the property of Jesse Rimbow, Sr., at the date of his death, including all other parties who held assets in favor of or obligations against him—were in court and subject to its jurisdiction.

Indeed, the chief disputants both below and here, that is, the two women who each, respectively, claimed to be Jesse Rimbow, Sr.'s surviving wife at the time of his death, as well as the representatives of the minors and the insurance carriers, all agreed to the consolidation with this cause of the three other described suits on the court's docket, Nos. 306439, 305934, and 304950, in which the issues of heirship of the two minors and the existence of the insurance policies and compensation benefits inuring to Jesse Rimbow, Sr., were declared upon.

In other words, it was mutually conceded that the court had before it, in so far as appellee's declared-upon motion under Rule 329 could confer it, all persons and property rights having any interest in or any relation to his estate at the time of Jesse Rimbow, Sr.'s death; further that the justiciable questions before the court were, (1) whether or not it could then inquire into the validity of the prior divorce decree in his favor (2) determine which of the women was his wife and (3) make whatever consequent disposition of his property the facts required.

The two appellants named, inveighing here against the judgment so rendered, through fourteen (XIV) stated points for reversal, reduced their actual contentions to these three:

(1) That the court was without jurisdiction over either the party-plaintiff or the subject matter of the suit, as declared upon in the appellee's motion so filed in the prior divorce suit; because Jesse Rimbow, Sr., the plaintiff therein, had died before the filing of such motion;

(2) The pleadings of the appellee in such motion, pursuant to Rule 329, were insufficient to support the trial court's judgment;

(3) The undisputed evidence showed that $875 was reasonable for the burial expenses of the deceased, Jesse Rimbow, Sr.; hence the court erred in refusing to grant such sum.

None of these contentions, it is determined, should be sustained, considering the state of this record.

■■ In the first place, under the statement of facts already made, it is held that the court clearly had jurisdiction over the parties and the subject-matter, based upon the amended motion of the appellee, in compliance with Rule 329, which, while designated in such rule as "Motion for New Trial on Judgment Following Citation by Publication," was, in substance and effect, a bill in equity, in the nature of the old "Bill of Review," that it at least conferred power on the court to determine the divorce judgment to be void, as having been procured by fraud upon both the defendant and the court therein, and to thereupon declare the appellee to be the surviving wife of the deceased, and apportion the property he left accordingly.

■ When her amended motion is examined, it will be found to allege all the essential facts to support such authority in the court, its jurisdiction being determinable, not by the evidence, but by the pleadings. Spann Bros. Auto Supply Co. v. Miles, Tex.Civ.App., 135 S.W.2d 1016; Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844.

■ Appellants' reiterated contention upon this feature is, quoting it: "The court had no authority to retry a divorce suit, after the death of the plaintiff, under Article 2236, Section 1, now Rule 329, Texas Rules of Civil Procedure."

The quoted statement could be conceded to be correct, without altering the holding that the court in this instance and under the "Motion for New Trial," as described, did have the authority upon its unchallenged findings on the facts that the divorce had been procured by fraud, even upon the court itself, to declare that it was void; and, there being property rights at issue, as well as the marital status of the women involved, to further determine the resulting effects upon them and the property.

This is the whole issue upon the law of the case, and while there may be some authorities to the contrary, the overwhelming weight of more generally accepted authority supports the trial court's action, as these citations make evident. Newcomb v. Newcomb, 13 Bush, Ky., 544, 26 Am.Rep. 222; 57 L.R.A. 598; Perez v. Lipscomb & Co., Tex.Civ.App., 267 S.W. 748; Jones v. Bartlett, Tex.Civ.App., 189 S.W. 1107; Hardin v. Hardin, Tex.Civ.App., 1 S.W.2d 708; Weaver v. Garrietty, Tex.Civ.App., 84 S.W. 2d 878; 1 Corpus Juris, 208, 209, 1 C.J.S., Abatement and Revival, § 148; 19 Corpus Juris, 169-70, 27 C.J.S., Divorce, § 171; Cheely v. Clayton, 110 U.S. 701, 4 S.Ct. 328, 28 L.Ed. 298; Fox v. Fox, 235 Ala. 338, 179 So. 237; Sturm v. Cooper, 145 Or. 583, 28 P.2d 231; Lawrence v. Nelson, 113 Iowa 277, 85 N.W. 84, 57 L.R.A. 583-605; Rose v. Rose, 176 Tenn. 680, 145 S.W.2d 773; Kirschner v. Dietrich, 110 Cal. 502, 42 P. 1064; Raps v. Raps, 20 Cal.2d 382, 125 P.2d 826; Moguinness v. Superior Court of San Francisco, 196 Cal. 222, 237 P. 42, 40 A.L.R. 1110; Blain v. Broussard, Tex.Civ. App., 99 S.W.2d 993; Dawson v. Mays, 159 Ark. 331, 252 S.W. 33, 30 A.L.R. 1463; 9 R.C.L. 458; Dwyer v. Nolan, 40 Wash. 459, 82 P. 746, 1 L.R.A.,N.S., 551, 552, 111 Am.St.Rep. 919, 5 Ann.Cas. 890; Beavers v. Bess, 58 Ind.App. 287, 108 N.E. 266; Ledbetter v. Ledbetter, Tex.Civ.App., 229 S.W. 576; E. L. Witt & Sons v. Stith, Tex. Civ.App., 265 S.W. 1076; Smith v. Higginbotham, Tex.Civ.App., 112 S.W.2d 770; Trujillo v. Piarote, 122 Tex. 173, 53 S.W.2d 466; Kilian v. Kilian, Tex.Civ.App., 185 S.W.2d 611.

■ As before indicated, since appellant's contentions are so limited by their points on the appeal, and since no other matters of fact have been raised, no findings of fact having been requested or filed, the court will be deemed to have made any further findings necessary to the support of its judgment.

■ This court is further unable to sustain the claim that the $475 award for the funeral expenses of the deceased Rimbow was unreasonable; on the contrary, on the facts and the law applicable, the trial court was justified in holding that more than that would have been out of proportion to the estate left by the deceased. Goeth v. McCollum, Tex.Civ.App., 94 S.W.2d 781.

The conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.