KARL SCHWARTZ ET AL V. ALLEN SMITH ET AL.

No. A-7450. Decided October 28, 1959.
Rehearing Overruled December 9, 1959.
(329 S.W. 2d Series 83)

*P. Harvey, Philip J. Montalbo, Philip M. Shafer,* of Houston, for petitioners.

*Stovall & O'Bryant, P. R. Rowe* and *Clarence R. McFarlane,* of Houston, for respondents.

PER CURIAM:

The Court of Civil Appeals has affirmed the order of the trial court overruling a motion for new trial filed in accordance with Rule 329, Texas Rules of Civil Procedure. See, Schwarz v. Smith, 325 S.W. 2d 407.

The judgment sought to be set aside was one in trespass to try title, and in accordance with the usual practice in Rule 329 cases, the trial court on the basis of a jury verdict determined that at the time of the entry of the judgment sought to be set aside, namely, on February 25, 1954, the respondents or their predecessors had "good and valid title to and right to possession of the land and premises described in said judgment." This conclusion is based upon the jury findings made in connection with respondents' claim of title by adverse possession. Such findings in turn have support in the evidence. Moore v. Knight, 127 Texas 610, 94 S.W. 2d 1137; Vasquez v. Meaders, 156 Texas 28, 291 S.W. 2d 926.

1 While in many respects similar thereto, a motion for new trial under Rule 329 is not a true equitable bill of review, but is a remedy which was originally statutory but is now governed by a rule which merely extends the time in which a motion for new trial may be filed in cases where the judgment is rendered upon constructive, rather than actual services of process. Trujillo v. Piarote, 122 Texas 173, 53 S.W. 2d 466. The party filing the motion which seeks affirmative action on the part of the court stands in much the same position as one filing a motion for new trial in the ordinary case, except that he must comply with the requirements set forth in the rule. While the trial court might have set aside the judgment by an unappealable interlocutory order, Robinson v. Robinson, Texas Civ. App., 164 S.W. 2d 35, no writ history, the usual and better practice and the one contemplated by the rule was that followed in this case. Commercial Credit Corporation v. Smith, 143 Texas 612, 187 S.W. 2d 363. Upon the hearing of the motion it was determined with assistance of a jury that respondents were the owners of the land in dispute at the time the 1954 judgment was rendered.

Petitioners have now had a full and adequate hearing and it has been determined that they had no interest in the land involved. It follows that as petitioners had no title, they were not prejudiced by the 1954 judgment, regardless of its nature, be it characterized as valid, voidable or void.

The application for writ of error is refused, no reversible error.

Opinion delivered October 28, 1959.

Rehearing overruled December 9, 1959.