**D. A. BROWN, Appellant,**

**v.**

**Dr. Fairfax Vandyke BRENEMAN et ux., Appellees.**

**No. 16432.**

Court of Civil Appeals of Texas.

Dallas.

Dec. 4, 1964.

**462**

Andress, Woodgate, Richards & Condos, Steven G. Condos, Dallas, for appellant.

No appearance for appellees.

CLAUDE WILLIAMS, Justice.

D. A. Brown originally sued Dr. Fairfax Vandyke Breneman and wife, in Cause No. 23,035-A in the County Court at Law, Dallas County, alleging the breach of a lease contract for which he sought money damages and foreclosure of statutory landlord's lien on certain furniture belonging to defendants. Based upon affidavit that the residence of defendants was unknown, citation was made by publication in due form. Following citation by publication the trial judge appointed an attorney to represent the defendants and proceeded to hear the case. On September 5, 1961 a judgment was entered in the cause, awarding plaintiff judgment against the defendants for damages and also ordering a foreclosure of the landlord's lien on the furniture and directing the same be sold. On September 12, 1961 the property was sold at sheriff's sale to plaintiff Brown.

Approximately ten months later, on June 14, 1962, Dr. Fairfax Vandyke Breneman and wife instituted an action in the County Court at Law of Dallas County in Cause No. 29,339-A, styled "Bill of Review", complaining of D. A. Brown, as defendant, in which they alleged various grounds for vacating the judgment previously rendered in Cause No. 23,035-A and praying that same be set aside and that plaintiffs be either given their property or damages for the value thereof, as well as for general relief. Brown answered this suit with a motion to dismiss and general denial. Following complete hearing the trial judge, on February 14, 1963, decreed that the judgment in Cause No. 23,035-A be set aside and held for naught and further ordered that the personal property sold under order of the judgment be returned to Dr. Fairfax Vandyke Breneman and wife at no cost to them. From this judgment Brown appeals.

Rule 329, Texas Rules of Civil Procedure, entitled "Motion for New Trial on Judgment Following Citation by Publication" provides:

"In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection:

"(a) The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. The parties adversely interested in such judgment shall be cited as in other cases.

\* \* \* \* \* \*

"(c) If property has been sold under the judgment and execution before the process was suspended, the defendant shall not recover the property so sold, but shall have judgment against the plaintiff in the judgment for the proceeds of such sale."

This rule, with minor exceptions, is identical with Art. 2236, Vernon's Ann.Civ.St., which had been in effect prior to the enactment of Rule 329, T.R.C.P.

While appellees, in their Suit No. 29,339-A, designated same to be a "Bill of Review" it was nothing more than a motion for new trial under Rule 329(a), T.R.C.P. True, they did not expressly move for a new trial within the terms of the rule, but

the facts alleged by them, if found to be true, were sufficient to entitle them to a new trial under their prayer for general relief as well as their specific prayer seeking to set aside the judgment in the prior suit. Accordingly, their designation of the pleading as a "Bill of Review" is of no consequence. Their pleadings demonstrated affirmatively that plaintiffs had a statutory right to set aside the judgment by motion for new trial, rather than by resort to equity, and therefore we ignore the designation and consider the pleading of appellees as being a motion for new trial pursuant to Rule 329(a), T.R.C.P. It is immaterial that the motion for new trial was filed in a separate suit and docketed under a separate number in the same court that granted the original judgment. Gahagan v. Texas & Pacific Ry. Co., Tex.Civ.App., 231 S.W.2d 762; Harkness v. McQueen, Tex.Civ.App., 207 S.W.2d 676; Ashton v. Farrell & Co., Tex.Civ.App., 121 S.W.2d 611. The pleading of appellees being truly a motion for new trial, and not an equitable bill of review, is to be construed in the light of the decisions interpreting Rule 329, T.R.C.P., and its predecessor article of the Revised Civil Statutes. Schwarz et al. v. Smith, 160 Tex. 280, 329 S.W.2d 83; Trujillo v. Piarote, 122 Tex. 173, 53 S.W.2d 466; Texas Co. v. Dunlap, Tex.Com.App., 41 S.W.2d 42; 41 Tex.Jur. 2d 481, § 227, et seq., and cases cited.

■■ Having so determined, we are immediately confronted with the question as to whether the order of the trial court sustaining such motion for new trial is appealable. It is elementary that an order granting a new trial is not appealable. 3 Tex.Jur.2d § 80, pp. 345, 346, and cases cited. We have concluded that since the action of the trial court is tantamount to the granting of a motion for new trial, such order is interlocutory in nature and we are therefore without jurisdiction to entertain this appeal.

The identical situation was presented in Robinson v. Robinson, Tex.Civ.App., 164 S.W.2d 35, wherein Justice Norvell of the San Antonio Court of Civil Appeals said:

"This is an attempted appeal from an order granting a motion for new trial under the provisions of Rule 329, Rules of Civil Procedure, formerly Article 2236, Vernon's Ann.Stats.

"The original action resulted in appellant's obtaining a decree of divorce from appellee.

"The order from which the appeal is prosecuted sets aside the former judgment and awards appellee a new trial. It does not determine the cause of action for divorce which was originally asserted by appellant.

"The order is interlocutory in nature and consequently the appeal must be dismissed for want of jurisdiction. Lovenstein v. Lovenstein, Tex.Civ. App., 35 S.W.2d 271; Trujillo v. Piarote, 122 Tex. 173, 53 S.W.2d 466."

■ As stated by the Commission of Appeals in Trujillo v. Piarote, 53 S.W.2d 466:

"When a motion for new trial, filed within the time provided by article 2236, has been granted in a case of this kind, the case stands upon the docket, as between the parties, in the same condition as if the judgment had never been rendered. All burdens placed upon the person against whom the judgment has been rendered are effectually removed when the motion for a new trial has been granted; just as in any other case where a judgment has been set aside upon a defendant's motion for a new trial." Glaze v. Johnson, 27 Tex.Civ.App. 116, 65 S.W. 662.

■ That part of the judgment complained of by appellant which directs appellant to return to appellees the furniture in question is obviously in direct contravention of Subdivision (c) of Rule 329, T.R.C.P., above quoted, which expressly provides that if property has been sold under the judg-

ment and execution before the process was suspended the defendant shall not recover the property so sold but can have judgment against the plaintiff in the judgment for the proceeds of such sale. Obviously, the effort on the part of the trial court to order the return of the property is of no force and effect.

Lacking jurisdiction to determine this appeal, the same is dismissed.

It is so ordered.