Margaret A. POWELL, Appellant,

v.

Grace Wilthelma POWELL, Appellee.

No. 19687.

Court of Civil Appeals of Texas, Dallas.

Sept. 19, 1978.

Joseph A. Devany, Dallas, for appellant.

J. Kyle, DuVall, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellee.

ROBERTSON, Justice.

Appellee has filed a motion to dismiss this appeal for want of jurisdiction in that the order sought to be appealed from—an order granting a motion for new trial—is interlocutory and, therefore, not appealable.

■ On October 22, 1974, Joseph William Powell obtained a default judgment of divorce from his wife, Grace, by service of process by publication. In January of 1975, Powell married appellant, Margaret Powell.

On July 1, 1976, Powell died. Subsequently, on October 1, 1976, appellee, Grace Powell, timely filed her sworn motion for new trial pursuant to Tex.R.Civ.P. 329, alleging that property rights were involved and that the divorce was procured by fraud on her and the court. Margaret A. Powell was cited as an adverse party and filed a motion to deny Grace Powell's motion for new trial. On April 17, 1978, the trial judge granted appellee's motion for new trial and set aside the divorce decree entered on October 22, 1974. It is from this order granting a new trial that appellant now appeals. We hold that this order is interlocutory in nature and, therefore, not appealable. *Trujillo v. Piarote,* 122 Tex. 173, 53 S.W.2d 466 (1932); *Brown v. American Finance Co.,* 432 S.W.2d 564 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.); *Brown v. Breneman,* 385 S.W.2d 461 (Tex.Civ.App.—Dallas 1964, no writ); *Lovenstein v. Lovenstein,* 35 S.W.2d 271 (Tex.Civ.App.—Dallas 1931, writ dism'd); *Robinson v. Robinson,* 164 S.W.2d 35 (Tex. Civ.App.—San Antonio 1942, no writ); *Tindall v. Rhodes,* 493 S.W.2d 733 (Tex.1973).

■ Appellant further contends that we do in effect have a final judgment since Powell has died and, therefore, there could never be a new trial. We disagree. In *Rimbow v. Rimbow,* 191 S.W.2d 89 (Tex. Civ.App.—Galveston 1945, writ ref'd) cert. denied, 329 U.S. 718, 67 S.Ct. 51, 91 L.Ed. 623 (1946), the long standing rule in Texas is succinctly stated by Justice Graves:

Appellants' reiterated contention upon this feature is . . . "the court had no authority to retry a divorce suit after the death of the plaintiff under Rule 329, Texas Rules of Civil Procedure." The quoted statement could be conceded to be correct, without altering the holding that the court in this instance and under the "Motion for New Trial," as described, did have the authority upon its unchallenged findings on the facts that the divorce had been procured by fraud, even upon the court itself, to declare that it was void; and there being property rights at issue, as well as the marital status of the women involved, to further determine the re-

sulting effects upon them and the property. *Id.* at 91.

The trial court has the authority to grant a new trial and to declare the original decree void.

Appellee's motion to dismiss is granted.