## Houston Ice and Brewing Company v. John Stratton.

### Decided October 28, 1905.

**1.—Execution—Void Process—Right of Purchaser to Possession.**

A purchaser of land under a void execution acquires no right to possession, and if he takes possession he is a trespasser, notwithstanding the existence of an equitable lien on the land in his favor.

**2.—Same—Defunct Corporation—Property of Successor.**

An execution issued on a judgment against a defunct corporation is not leviable on land that never belonged to it, but which was conveyed by one of its debtors to a new corporation that had succeeded to its assets and liabilities.

**3.—Limitations—Equitable Lien.**

Where a debt is an equitable lien on the assets of a defunct corporation in the hands of its successor, such lien, being a mere incident of the debt, ceases to exist when the debt is barred by limitation.

Appeal from the District Court of De Witt. Tried below before Hon. James C. Wilson.

*Kleberg, Grimes & Schleicher* and *Baker, Botts, Parker & Garwood,* for appellant.—1. If the defendant ever had an equitable lien on the assets of the dissolved Houston Ice & Brewing Company, then it was lost when his claim was barred by the statutes of limitation, and can

not be enforced on the land in controversy.  Goldfrank v. Young, 64 Texas, 432; Hightower v. Hester, 4 Texas Civ. App., 87; Flewellen v. Cochran, 48 S. W. Rep., 40, and authorities cited; McKeen v. James, 23 S. W. Rep., 465.   ·

2.  When the statutes of limitation have barred the debt, an action to enforce a lien thereunder is likewise barred, and any party against whom such debt or lien is sought to be enforced may interpose his plea of limitation as a defense.  Ware v. Bennet, 18 Texas, 795; Burks v. Watson, 48 Texas, 107; Pitschki v. Anderson, 49 Texas, 1; Arledge v. Hail & Co., 54 Texas, 401; Johnson v. Lasker, 2 Texas Civ. App., 498.

*Davidson & Bailey,* for appellee.—The court did not err in finding that, although appellee's demand was barred by limitations, he still had an equitable lien against the land in controversy, nor in finding further that, although the account itself was barred as between the defunct Houston Ice & Brewing Company of 1892 and appellee, notwithstanding such fact, appellee still had a lien on the land.  Jones on Mortgages, 1203; Goldfrank v. Young, 64 Texas, 437; Tombler v. Pal. Ice Co., 17 Texas Civ. App., 602; Hudson v. Wilkinson, 61 Texas, 609; Moore v. Bryant, 10 Texas Civ. App., 134; Bank v. Benbrook, 27 S. W. Rep., 299; Mellinger v. City of Houston, 68 Texas, 42; McIlhenry v. Todd, 71 Texas, 405; Miller v. Houston City Ry. Co., 75 Fed. Rep., 371.

GILL, CHIEF JUSTICE.—This suit was brought in November, 1902, by the Houston Ice & Brewing Company, a corporation, against the appellee, John Stratton, to recover 17 7-10 acres of land, and to remove cloud from title, and to cancel a sheriff's deed thereto under which Stratton was claiming.  The ground on which the sheriff's deed was assailed was that it was executed in consummation of execution sale had in pursuance of a void judgment, and that the land was not the property of the judgment defendant at the time of the sale.

On May 25, 1904, Stratton filed his original answer, in which he pleaded not guilty, the three, five and ten years statutes of limitation, and specially averred that he had an account for $256.40 against the Houston Ice & Brewing Company of 1892, a corporation which had been dissolved at the suit of the State.  That the present brewing company had purchased its assets and assumed its liabilities.  That the land in controversy was acquired by the new company wholly with funds acquired from the old company.  That immediately upon the dissolution of the old company its creditors acquired an equitable lien upon all its property to secure the payment of their debts.  That it was by force of such a debt and lien that he (Stratton) took possession of the property, and that the new company can not recover the land without first discharging the lien.

To this answer the plaintiff company interposed the statute of limitation of two years, and contested both the existence of the lien and the rights predicated thereon.   ·

The court, sitting without· a jury, found that the judgment against the old company, which was the basis of the sale under execution, was void, because rendered after the disolution of the old company, and that, therefore, the proceedings thereunder conferred no right.  But

the court further held that the new company had acquired the land in question by an exchange therefor of funds acquired from the old company; that the old company was still indebted to Stratton in the amount of his account, and that, as that debt became an equitabe charge upon the funds and assets of the old company, the new company could not oust his possession without first discharging that debt and lien, and this notwithstanding the debt was barred when Stratton's answer was filed. The court thereupon rendered judgment in favor of plaintiff for the amount of his account, and decreed a foreclosure of the alleged equitable lien upon the land in controversy. From that judgment the plaintiff in this suit has appealed.

The history of the transaction as disclosed by the record may be briefly stated as follows: On April 3, 1901, the Houston Ice & Brewing Company of 1892 (which we have designated as the old company) was indebted to John Stratton in the sum of $257.40, and the company refusing to pay the claim, Stratton sued in the County Court of De Witt County. The defendant therein filed no answer. On April 13, 1902, the cause coming on to be heard, W. J. Baker, an attorney-at-law, appeared in the capacity of *amicus curiae*, and suggested to the court that the defendant was a corporation, and that its charter had been forfeited. The court ignored the suggestion and rendered judgment in favor of the plaintiff therein as prayed for. The charter of the old company had, in fact, been forfeited at the suit of the State on December 14, 1901.

The new company of the same name was duly incorporated, took over all the assets of the defunct concern, and in express terms assumed all its liabilities except the claim of Stratton and one other. One Freund was indebted to the old company in the sum of about $1,200, and the evidence authorizes the conclusion of the trial court that he deeded this land to the new company in satisfaction of that claim. After the land had been thus acquired by the new company Stratton had execution issued on his judgment against the old company, had it levied on the land conveyed by Freund, and bought it in at execution sale and took a sheriff's deed therefor. Stratton's account, the basis of that judgment and of his claim in this suit, was due not later than the filing of his suit in 1901.

The finding of the trial court that the judgment, execution and sale were void, and that the account was barred by limitation at the date it was set up in the answer in this suit, is not complained of by Stratton, but he insists on his right to hold the land by virtue of what he terms his equitable lien until the debt is paid, and this notwithstanding his claim on which the lien is founded is barred.

It seems to us there is more than one conclusive reason why the judgment can not stand, and that these reasons rest upon principles too well settled to admit of controversy. First. The void execution gave the plaintiff no right to his possession, and he was therefore a trespasser, even if his lien be conceded. Second. His execution, if valid, was not leviable upon the land in question, for that had never been the property of the judgment defendant. Third. The asserted lien being at most a mere incident of the debt, when the latter was extinguished by the bar of limitation the former ceased to exist.

Neither of these propositions is inconsistent with Stratton's theory that, upon the dissolution of the old company, the trust fund doctrine applied, and his claim was an equitable charge upon the assets of the concern either in the hands of the directors or the purchaser. We simply hold that the right which thus accrued was not enforced by a fitting and timely action. On the point that the lien gave him the right to maintain his possession until the debt was discharged, regardless of the bar of limitation, counsel has confused the rights of a pledgee with those of a mere lienholder.

We are of opinion that, under the undisputed facts, the plaintiff is entitled to recover the land and to have the sheriff's deed annulled, and that defendant should take nothing by his cross-action. The judgment of the trial court is therefore reversed, and judgment here rendered to that effect.

*Reversed and rendered.*