## STOCK v. HARTGRAVES.
### No. 12224.

Court of Civil Appeals of Texas. San Antonio.

Jan. 17, 1951.

Rehearing Denied Feb. 14, 1951.

Davenport & Davenport, San Angelo, for appellant.

Newman & McCollum, Brady, Perry Hartgraves, Menard, for appellee.

W. O. MURRAY, Chief Justice.

This suit was originally instituted by Howard Sanders as plaintiff, Perry Hartgraves afterwards being substituted as plaintiff, against Henry Stock, seeking to recover the title and possession of a part of Lot No. 6, in Block H, of Greer's First Addition to the City of Menard, Menard County, Texas, the same being fully described in plaintiff's petition. The case was submitted to the trial judge upon an agreed statement of facts, such as is provided for by Rule 263, Texas Rules of Civil Procedure, and judgment was rendered in

favor of the substitute plaintiff for title and possession of the portion of the lot sued for and for damages, from which judgment Henry Stock has prosecuted this appeal.

In January, 1948, Garland E. Branham, in Cause No. 1972 in the District Court of Menard County against Henry Stock, obtained a judgment foreclosing vendor's lien notes against the property in controversy. Order of sale was issued and the property was advertised and sold to the highest bidder, Howard Sanders, on September 14, 1948, for the sum of $2,100. The full amount of the judgment was paid to and accepted by Garland E. Branham on that date, and the balance of the $2,100, amounting to about $650, was tendered to appellant and refused by him at that time.

Shortly thereafter it was discovered that the sale was not made on the first Tuesday in September, as is required by Article 3804, Vernon's Rev.Civ.Stats., and therefore another order of sale was issued, the property advertised and again sold, on the first Tuesday in November, to the same Howard Sanders, who was also the highest bidder at the first sale. No money was actually paid after this second sale, it evidently being presumed that the money having already been paid under the first sale, it was unnecessary to pay it again.

The contention of appellant herein is that the first sale was void because it was held at a time not authorized by Article 3804, supra, and that the second sale was void because the holder of the judgment had been paid in full before the second order of sale was issued. We overrule this contention. The parties agree and we hold that the first sale of September 14, 1948, was wholly void, having been held at a time other than that provided for by Article 3804, supra. The money paid to G. E. Branham as a result of the first sale did not have the effect of satisfying the judgment, as the purchaser at

that sale received nothing, and the money which he paid to the sheriff and which the sheriff in turn paid to Branham still belonged to him, and he would have been entitled to bring a suit to recover that money. Howard v. North, 5 Tex. 290; Sinclair v. Stanley, 64 Tex. 67; Neblett v. Slosson, Tex.Civ.App., 223 S.W.2d 938; 21 Am.Jur. p. 100, § 190; Grace v. Garnett, 38 Tex. 156, 157; 51 A.L.R. 258.

It occurs to us that nothing would be more unjust than for the purchaser at a void execution sale to receive nothing for the money he pays but the holder of the judgment be permitted to retain that money in satisfaction of his judgment. Therefore, when Sanders purchased the property at the second sale, he being the highest bidder and having bid the exact amount which he bid at the first sale, would not again be required to pay the amount of this bid, when he had previously paid this amount to the sheriff for the same parcel of land.

The first sale under the first order of sale being absolutely void it could be treated as such and the new order of sale was properly issued. The land was properly sold under this second order of sale and Sanders, having previously paid the amount of his bid, became the owner of the parcel of land involved.

Another matter which occurs to us is that both the first and second sales could not be void. At least one sale was sufficiently valid that it could not be attacked collaterally, and regardless of whether the first or second sale was void, appellant, Henry Stock, lost all rights which he had in the parcel of land, and he can not hope to recover title and possession thereof in this trespass to try title suit.

The trial judge properly awarded the parcel of land, together with damages, to appellee, Perry Hartgraves, and the judgment will be affirmed.