

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

July 30, 1974

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P.O. Box 2523
Beaumont, Texas 77704

Opinion No. H- 358

Re: Rights of purchaser at
an execution sale based on
a void judgment.

Dear Mr. Hanna:

You have requested our opinion as to the rights of one who purchases real property at a sheriff's sale based on a void judgment. In connection with your request we have received from an interested party a memorandum with attachments which indicates that the facts you have presented to us are subject to dispute and may ultimately have to be resolved in litigation. It is not the function of this office to resolve factual questions. This opinion is based on the facts that you have presented to us, but it does not represent any determination on our part as to the accuracy of these facts.

You state that in a criminal bond forfeiture proceeding the county obtained a judgment against a defendant and his sureties in the amount of thirty five thousand dollars. This judgment was void as to the sureties because process was never served on them. Nevertheless, on the basis of the judgment, execution was levied on some real property belonging to one of the sureties. An execution sale was conducted by the sheriff, and the property was purchased for five hundred dollars which amount was paid over to the county in partial satisfaction of the judgment.

Subsequent to the execution sale the judgment was reversed by the Court of Criminal Appeals on the ground that the State had failed to tender the required judgment nisi into evidence. Purkey v. State, 494 S.W. 2d 541, No. 45, 862 (Tex. Crim. App., May 16, 1973). The case was later retried and a judgment was again entered against the sureties. This judgment has since

been satisfied in full by the sureties.  You ask us to assume that the
original judgment was void and then ask what are the rights of a purchaser
with respect to the property purchased at a sheriff's sale on a void judg-
ment.

The general rule is that an execution sale based upon a judgment
which is not void but merely erroneous will be sustained if the purchaser
is a stranger to the judgment.   Thus, when the purchaser at an execution
sale is someone other that the judgment creditor and is acting in good
faith, his title to the property in question will not be disturbed or affected
by a subsequent reversal of the judgment.  Stroud v. Casey, 25 Tex. 740
(1860); Texas Co. v. Dunlap, 41 S. W. 2d 42 (Tex. Comm. App. , 1931);
Glaze v. Johnson, 65 S. W. 662 (Tex. Civ.  App.1901, writ ref.); and Cordray
v. Neuhaus, 61 S. W. 415 (Tex. Civ. App. 1901, writ ref.).

A different rule is applicable, however, when the judgment upon
which an execution sale is based is void.  In this situation a purchaser
at the sale, even though bona fide and not the judgment creditor, obtains
no title in the property purportedly sold and furthermore has no cause
of action against the judgment debtor for the purchase price paid.  This
principle was first established in Texas in Stegall v. Huff, 54 Tex. 193
(1881).  Stegall had purchased real property belonging to Huff at a sheriff's
sale based on a void judgment.  The judgment was void because the record
indicated that process was never properly served upon Huff.  Stegall was
a stranger to the judgment and a bona fide purchaser.  Nevertheless the
Supreme Court held that, because the judgment was void, the sale under
it did not divest Huff of title to his land.  In addition the Court held that
Huff was under no obligation to reimburse the innocent purchaser because
otherwise Huff might indirectly be forced to pay an indebtedness which
he did not owe.  Stegall, supra at 197.  See also Flanary v. Wade, 113
S. W. 8 (Tex. 1908), Houston Ice and Brewing Co. v. Stratton, 89 S. W.
1111 (Tex. Civ. App. , 1905, no writ), and Texas Co. v. Dunlap, 21 S. W.
2d 707 (Tex. Civ. App.,Waco, 1929), affirmed 41 S. W. 2d 42 (Tex. Comm.
App. 1931).

The principle established in Stegall plainly controls the fact situation you have presented to us.  The surety whose  property was sold at an execution sale based on a void judgment has not been divested of his title to that property.  The purchaser at the sale, though entirely innocent, has no cause of action against the surety for the purchase price he paid to the sheriff because otherwise the surety might be forced to pay a debt he did not owe.  In short the purchaser must look elsewhere for relief from his predicament.

Ordinarily, in resolving the claim of an execution sale purchaser against a judgment creditor for reimbursement of purchase money, Texas courts apply the doctrine of caveat emptor, holding that neither the judgment creditor nor the sheriff may be held responsible for a failure of title to property purchased at a sheriff's sale.  Even though the purchaser obtains nothing for his money, he is not entitled to recover the purchase price from them.  Russell v. Sarkeys, 286 F. 2d 736 (5th Cir. 1961).  The purchaser, however, is permitted to assume the posture of the judgment creditor and pursue whatever claims the creditor has remaining against the judgment debtor.  Rosenthal and Desberger v. Mounts, 130 S. W. 192 (Tex. Civ. App. , 1910, no writ).  Subrogation would be of no avail to the purchaser in the fact situation you have described.  The original judgment was void and the second judgment has been fully satisfied.  The county no longer has any claims against the defendant and the sureties which could be pursued by the purchaser in an effort to get back his money.

However, where equitable considerations dictate otherwise, the caveat emptor doctrine is not applied inflexibly.  For instance, in Stock v. Hartgraves, 236 S. W. 2d 257, 258 (Tex. Civ. App. , San Antonio, 1951, writ ref.), the court rejected a strict application of the caveat emptor doctrine and stated that in circumstances where the judgment creditor had already been satisfied in full "nothing would be more unjust than for the purchaser at a void execution sale to receive nothing for the money he pays but the holder of the judgment be permitted to retain that money in satisfaction of his judgment." See also Estes v. Doty, 90 S. W. 2d 754, 756 (Tenn. 1936); Danner v. Murnan, 178 N. W. 987 (S. D. 1920); and

Schwinger v. Hickok,   53 N. Y.  280 (1873).

     In the fact situation you have posited, the judgment creditor, i. e., the county, in effect has been paid twice.  The county's judgment against the defendant and his sureties has been satisfied in full, and in addition it has received the money paid by the purchaser at the execution sale based upon a void judgment.  The purchaser on the other hand has received nothing for his money.  In these circumstances it is our opinion that, in accordance with the equitable principles we have outlined, the courts would find the caveat emptor doctrine inapplicable and would require the county to repay the purchase money to the purchaser.

## SUMMARY

     When the judgment upon which an execution sale is based is void, a purchaser at the sale obtains no title in the property and has no cause of action against the judgment debtor for the purchase price paid. Ordinarily the doctrine of caveat emptor would preclude the purchaser who finds himself in this situation from recovering his purchase money from the judgment creditor.  But where the judgment creditor has in effect been paid twice, courts would as a matter of equity require him to repay the purchase money to the purchaser.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg